# N. Y. COMMON PLEAS.

## Joseph Guillotel agt. The Mayor, &c., of New York.

*Action for an injury to the person — Statute of limitation.*

Though the legislature may not pass a law impairing the obligation of contracts, it unquestionably has power to pass a statute which shall operate *retrospectively*, and sweep away any right of action that arose from a *tort*.

The injury alleged occurred on the 13th day of March, 1873. At that time sections 74 and 91 of the Code of Procedure provided that an action for an injury to the person might be brought within six years after the cause of action accrued. This action was not commenced until the 7th of April, 1877. Before the action was begun, and on the 26th day of May, 1876, the legislature amended the Code by enacting that an action for an injury to the person should be brought within one year. The defendant pleaded the one-year statute of limitations.

*Held*, to be a good defense.

The statute of limitations acts *retrospectively*, for the rule is that that statute of limitations which is in force at the commencement of the action governs the rights of parties therein.

*It seems* that, if the effect of the statute impairs the obligation of contracts, the statute is *void;* but if the statute destroys a cause of action founded upon a tort, it is not for that reason *invalid*.

*Trial Term, April,* 1878.

Van Hoesen, *J.* — The jury found in favor of the plaintiff, and awarded him $500 damages. The injury, which the plaintiff alleges was occasioned by the negligence of the defendant in permitting a nuisance to exist in the streets of this city — an allegation which the jury have found to be true — occurred on the 13th day of March, 1873. At that time sections 74 and 91 of the Code provided that an action for an injury to the person might be brought within six years

after the cause of action accrued. The plaintiff did not begin his action until the 7th day of April, 1877, more than four years after the cause of action accrued Before the action was begun, and on the 26th day of May, 1876, the legislature amended the Code by enacting (*see sec.* 7, *chap.* 431, *Laws of* 1876) that an action for an injury to the person should be brought within one year after the cause of action accrued. One year was the period of limitation, therefore, when this suit was commenced. On the 22d of May, 1877, the period of limitation for the bringing of an action for injury to the person was changed to three years, but that change has no bearing on this action. The defendants pleaded the one-year statute of limitations, which was in force, as I have already said, at the time this action was begun, as it was at the time the answer was interposed.

The sole question is, is the action barred by virtue of the one-year limitation enacted in 1876? The counsel for the plaintiff contends that the amendment of 1876 is not to have a retrospective operation, so as to act upon causes of action which existed prior to its passage; and he cites the cases of *Dash* agt. *Van Kleeck* (7 *Johns.*, 477) and *Sackett* agt. *Andross* (5 *Hill*, 334–337), which declare the general rule that a statute subsequently passed shall not take away a right of action already vested. With respect to causes of action not founded upon contract, the rule referred to is simply one of construction. There is no inhibition in the Constitution against depriving a person of a cause of action originating in a naked tort. Though the legislature may not pass a law impairing the obligation of contracts, it unquestionably has power to pass a statute which shall operate retrospectively, and sweep away any right of action that arose from a tort (1. *Kent Com.*, *mar. p.* 409 ; *Satterlee* agt. *Matthewson*, 2 *Peters*, 380 ; *Baltimore R. R. Co.* agt. *Nesbit*, 10 *How.* [*U. S.*], 395). But the rule enounced in *Dash* agt. *Van Kleeck* and *Sackett* agt. *Andrews* is undoubtedly correct, that unless it is plain that the legislature intended that an act should have a retroactive

effect, the courts will so construe it that it shall not destroy or impair existing rights of action, whether they be *ex contractu* or *ex delicto*. It is now well settled that a change in the statute of limitations does not impair the obligations of a contract where it merely affects the remedy. But if, under pretense of amending the statute of limitations, the legislature really deprives a party of his right of action for the breach of a contract, it then becomes the duty of the courts to pronounce the statute unconstitutional and void. If, for instance, the legislature should enact that no action upon a past due bond and mortgage should be maintained unless brought within one week or two weeks from the time of the passage of the act, the courts would declare such legislation to be invalid (*Berry* agt. *Ramsdell*, 4 *Metc.* [*Ky.*], 296; [*U. S. Sup. Ct.*], *Edwards* agt. *Kearzy*, 17 *Albany Law Jour.*, 347).

Now, the effect of the amendment of 1876 was, in this case, virtually to destroy the plaintiff's right of action. That amendment was passed May 26, 1876, and it went into effect on the first of July following. It gave the plaintiff one month and four days within which to bring his action, a time which seems to me unreasonably short. In the case of *Berry* agt. *Ramsdell*, cited above, the court of appeals of Kentucky held thirty days too short a time for the people of that state to learn that a new statute of limitations, the effect of which would be to bar many existing claims, was then to go into operation. Although the intelligence of the people of New York, and the enterprise of the journalists of this city, makes it probable that the bar and the public learn of the changes in the law more promptly than any other community, I think one month is too little time to give for discovering of amendments to the Code, and for the bringing of actions to evade their operation; and if this were an action on contract, I should upon that ground overrule the plea of the statute of limitations. But this is an action *ex delicto*. It was competent for the legislature, therefore, to take away the plaintiff's cause of action. An amendment of the statute of limitations

Guillotel agt. The Mayor.

always operates on pre-existing causes of action. The statute of limitations acts retrospectively, for the rule is, that that statute of limitations which is in force at the commencement of the action governs the rights of parties therein (6 *How.* [*U. S.*], 550). If the effect of the statute impairs the obligation of contracts, the statute is void. If the statute destroys a cause of action founded upon a tort, it is not, for that reason, invalid. As the statute of limitations always acts upon existing causes of action, the legislature must be deemed to have contemplated and intended that result, if the effect of an amendment to the statute is the absolute destruction and taking away of a right of action for a tort. The statute of limitations appears to me to be a good defense to this action, and there must be judgment for the defendant.