(110 App. Div. 122.) ·

LOWTHER v. LOWTHER et al.

(Supreme Court, Appellate Division, First Department.' December 30, 1905.)

1. EXECUTION—SUPPLEMENTARY PROCEEDINGS—EXAMINATION OF THIRD PERSON —AFFIDAVIT.

Under Code Civ. Proc. § 2441, authorizing the examination of a third person in supplementary proceedings on proof that he has property of the judgment debtor exceeding $10 in value, or is indebted to him in a sum exceeding $10, an affidavit alleging these facts in the alternative in the language of the statute does not prove either, and will not support an order for the examination.

[Ed. Note.—For cases in point, see vol. 21, Cent. Dig. Execution, §§ 1109, 1125.]

2. SAME.

An allegation that the source of deponent's knowledge as to the alternative facts alleged was the record of transfers of real property and statements of the judgment debtor under oath was insufficient to prove either of them, so as to entitle the creditor to the examination of a third person.

[Ed. Note.—For cases in point, see vol. 21, Cent. Dig. Execution, § 1125.]

3. SAME—PENDENCY OF OTHER ACTION.

Where a judgment creditor has brought an action to set aside a conveyance by the debtor, he is not entitled to an order for the examination of the grantee in supplementary proceedings, since the property cannot be reached in supplementary proceedings while the action to set aside the conveyance is pending.

Appeal from Special Term, New York County.

Action by Clarence L. Lowther against Charles S. Lowther. From an order denying a motion to vacate an order for the examination of Amelia R. Lowther in proceedings supplementary, she appeals. Reversed, and motion granted.

See 94 N. Y. Supp. 159.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

Max D. Steuer, for appellant.

L. E. Warren, for respondent.

INGRAHAM, J. Clarence L. Lowther obtained a judgment against Charles L. Lowther for the sum of $36,227.82, upon which execution was duly issued, but returned unsatisfied, whereupon the judgment creditor presented to one of the Justices of the Supreme Court an affidavit, made by the plaintiff's attorney, which stated that:

"Deponent is informed and believes that Amelia Lowther, wife of the said judgment debtor, has ·personal property of the said judgment debtor exceeding ten dollars in value, or is indebted to him in a sum exceeding ten dollars. That the source of deponent's knowledge is the record of transfers of real property in the office of the register of New York county and statements made by the said judgment debtor under oath to the effect that he has turned over money received by him to said Amelia Lowther."'

Upon this affidavit an order was granted requiring the said Amelia Lowther to appear before one of the Justices of the Supreme Court to be examined concerning said property, and the usual injunction restraining said Amelia Lowther from making any disposition of any of the property belonging to the said judgment debtor. Amelia Lowther

then obtained an order requiring the judgment creditor to show cause why the order for her examination should not be vacated upon the ground that the ground that the affidavit upon which the order had been obtained was defective. Upon the hearing of this application that motion was denied, and Amelia Lowther appeals.

This order was obtained under section 2441 of the Code of Civil Procedure, which provides:

"Upon proof by affidavit or other competent written evidence, to the satisfaction of the judge, that an execution against the property has been issued, as prescribed in section 2458 of this act, and either that it has been returned wholly or partly unsatisfied or that it has not been returned; and also that any person or corporation has personal property of the judgment debtor, exceeding ten dollars in value, or is indebted to him in a sum exceeding ten dollars, the judgment creditor is entitled to an order requiring that person or corporation to attend and be examined concerning the debt, or other property, at a time and place specified in the order."

This affidavit, quoting this section of the Code, states that the appellant "has personal property of the said judgment debtor exceeding ten dollars in value, or is indebted to the said judgment debtor in a sum exceeding ten dollars." The Code requires proof by affidavit that the person sought to be examined either has personal property of the judgment debtor exceeding $10 in value, or that he is indebted to the judgment debtor in a sum exceeding $10; and an allegation in the alternative is not a proof of either fact. In Cronin v. Crooks, 143 N. Y. 352, 38 N. E. 268, it was said:

"To state in the alternative is to state neither the one nor the other fact. Such an alternative statement of grounds results in a mutual exclusion."

To entitle the judgment creditor to the order, he must prove by affidavit one or the other fact, and by alleging these two facts in the alternative he proves neither the one nor the other. The further statements as to the source of the deponent's knowledge in relation to these alternative allegations are not proof of either of the alternative allegations which the Code requires shall be proved to entitle the judgment creditor to such an order. The affidavit was not sufficient to justify the order, and it should therefore be vacated.

It is apparent that the judgment creditor cannot obtain in this proceeding an order requiring from this appellant a retransfer of this property or the appointment of a receiver. The fact that the judgment creditor has brought an action against the appellant to set aside certain conveyances, by which property of the judgment debtor was conveyed to the appellant, and the appellant is defending it, denying that any of the property transferred to her is subject to the payment of this judgment, would prevent the court in this proceeding from making any order which would subject this property to its payment. The question should be fought out in that action. It cannot be determined in this proceeding. There is no reason why the appellant should be compelled to submit to an examination, when it is apparent that no order could result therefrom.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion to vacate the order granted, with $10 costs. All concur.