## Ex parte DINEHART.

(Circuit Court, S. D. New York. April 17, 1911.)

1. EXTRADITION (§ 11*)—COMPLAINT—INFORMATION AND BELIEF.

Where a complaint in extradition was based on the information and belief of the Vice Consul General of the demanding country, and stated that the sources of his information and the grounds of his belief that petitioner committed the crime of murder, and that a warrant had been issued in Mexico for his arrest, and a requisition accompanied by the warrant, and duly authenticated depositions in support thereof were about to be or had been made, was official correspondence that had passed between deponent and the Department of Foreign Affairs of the United States of Mexico and official communications that had passed between the deponent and the Mexican Government at Washington, the complaint was not defective in that it was based on information and belief, and did not sufficiently allege the sources of deponent's information and the grounds of the deponent's belief.

[Ed. Note.—For other cases, see Extradition, Cent. Dig. § 12; Dec. Dig. § 11.*]

2. EXTRADITION (§ 11*)—COMPLAINT—DESIGNATION OF OFFENSE.

A complaint in extradition, charging accused with murder committed in Mexico, the demanding country, was sufficient to confer jurisdiction on the commissioner to issue a warrant of arrest, without charging the facts constituting the substance of the offense.

[Ed. Note.—For other cases, see Extradition, Cent. Dig. § 12; Dec. Dig. § 11.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Petition of Alphonse Dinehart for a writ of habeas corpus. Denied. See, also, In re Urzua, 188 Fed. 540.

Richard Krause, for petitioner.

Edward L. Tinker, for demanding Government.

WARD, Circuit Judge. The extradition treaty of April 22, 1899, 31 Stat. at Large, 1818, between this country and Mexico provides for the provisional arrest of persons charged with any crime mentioned in the treaty until the production of the documents on which the claim for extradition is founded:

> "Article 10. On being informed by telegraph or otherwise, through the diplomatic channel, that a warrant has been issued by competent authority for the arrest of a fugitive criminal charged with any of the crimes enumerated in the foregoing articles of this treaty, and on being assured from the same source that a requisition for the surrender of such criminal is about to be made accompanied by such warrant and duly authenticated depositions or copies thereof in support of the charge, each government shall endeavor to procure the provisional arrest of such criminal and to keep him in safe custody for such time as may be practicable, not exceeding forty days, to await the production of the documents upon which the claim for extradition is founded."

[1] The complaint in this case was verified by the Vice Consul General of Mexico and upon it United States Commissioner Shields issued a warrant for the arrest of the petitioner. He applied for this writ of habeas corpus on the ground that he was illegally detained because the complaint was insufficient to give the commissioner jurisdiction. The objections are that, being on information and belief, the sources of information and grounds of belief are insufficiently stated, and that the substance of the offense is insufficiently charged. He treats the complaint as if it were to be tested in the same way as an affidavit to obtain an attachment—citing Buell v. Van Camp, 119 N. Y. 160, 23 N. E. 538; or an affidavit to obtain a third party order in proceedings supplementary to execution—citing Lowther v. Lowther, 110 App. Div. 122, 97 N. Y. Supp. 5. Compacts between sovereigns for the reciprocal surrender of fugitives charged with crime and proceedings thereunder are not to be treated in this technical fashion. Yordi v. Nolte, 215 U. S. 227, 30 Sup. Ct. 90, 54 L. Ed. 170.

The Vice Consul General states that the sources of his information and grounds of his belief that the petitioner committed the crime of murder, that a warrant has been issued in Mexico for his arrest, and that a requisition accompanied by the warrant and duly authenticated depositions in support thereof is about to be or already has been made, are "official correspondence that has passed between your deponent and the Department of Foreign Affairs of the United States of Mexico, and official communications that have passed between your deponent and the Mexican Government at Washington."

[2] The charge of murder sufficiently advises the petitioner of the offense that he is alleged to have committed, and it is sufficient to advise the court that it is an offense covered by the treaty. It is a common-law crime and needs no further definition as many statutory crimes like forgery, embezzlement, counterfeiting, etc., require.

In Re Farez, 7 Blatchf. 34, Fed. Cas. No. 4,644, on which the pe-

titioner relies, arose in 1869 under the treaty with Switzerland (11 Stat. 593). The warrant was held void because it did not show that the commissioner who issued it was authorized to do so under the act of August 12, 1848, c. 167, 9 Stat. 302, and because there was no previous requisition by the foreign government. No contention is made in this case that the commissioner was not authorized to act, and article 10 of the treaty does not require a previous requisition.

I think the commissioner was fully justified in issuing the warrant. As he proceeds he can determine whether the evidence produced before him is sufficient to justify the petitioner's final commitment for extradition. The writ is dismissed, and the petitioner remanded.