In the Matter of Supplementary Proceedings: GOTHAM NATIONAL BANK OF NEW YORK, Plaintiff, *v.* MAX STRUNSKY, Defendant.

Supreme Court, Special Term, New York County, November 16, 1936.

*Newman & Bisco*, for the plaintiff.

*Botein & Abrams*, for the defendant.

CALLAHAN, J. Motion by judgment debtor to vacate a third party order in supplementary proceedings. The judgment on which the proceeding is based was entered in this court on March 13, 1925. An execution in said judgment was returned unsatisfied on April 7, 1925. The third party order attacked was obtained on October 7, 1936.

By chapter 630 of the Laws of 1935, effective on September 1, 1935, former article 45 of the Civil Practice Act (§§ 773 *et seq.*), relating to supplementary proceedings, was repealed and a new article 45 (§§ 773 *et seq.*) substituted in place thereof. The title of the article was changed from " Proceedings Supplementary to Execution " to " Proceedings Supplementary to Judgment." Among the many changes effected by this new article was the elimination of the requirement for the issuance of an execution as a prerequisite to the maintenance of supplementary proceedings. Former section 779 of the Civil Practice Act, which related to the examination of the debtor, contained a requirement that such proceedings be commenced within ten years after the return of an execution on the judgment. No such limitation was found in former section 785, which authorized third party orders. As to proceedings under former section 779, the Court of Appeals had held that the lapse of ten years after the return of an execution terminated the right to examine the debtor and the issuance of a new execution did not revive that right. (*Importers & Traders' Nat. Bank of New York* v. *Quackenbush*, 143 N. Y. 567.) My attention has not been called to any case decided by an appellate court which applied a similar limitation to a third party proceeding under the former statutes. However, the Special Term of the Supreme Court, Steuben county, in the case of *Drake* v. *Barry* (73 Misc. 391), did hold such limitation applicable. The reasoning of the learned justice writing the opinion in that case was that a third party proceeding was a special proceeding and came within the ten-year limitation contained formerly in section 388 of the Code of Civil Procedure and continued in section 53 of the Civil Practice Act. On the other hand, the Appellate Division, Second Department, in the case of *Stevens Co.* v. *Maus* (155 App. Div. 249), held that the ten-year limitation did not apply to a supplementary proceeding in aid of execution.

The new statute provides (Civ. Prac. Act, § 773) that a creditor may maintain a supplementary proceeding authorized by the article at any time prior to the time when the judgment is satisfied, vacated or barred by the Statute of Limitations. The judgment herein was

effective for twenty years. (Civ. Prac. Act, §§ 44, 484.) This period of twenty years appears to be the limitation referred to in the new statute. Assuming, for the purpose of this motion, that there was a ten-year limitation as to third party proceedings under the former statutes, two questions are presented, *first*, whether the new statute was intended to apply to existing judgments, and, *second*, whether the Legislature had the power to revive the right to maintain supplementary proceedings, which had been barred by the former statutory limitations as to time.

In determining the first question, we must consider the rule of statutory construction applicable to such a situation. Such rule was succintly stated in the case of *Jacobus* v. *Colgate* (217 N. Y. 235, at p. 240), as follows: " The general rule is that statutes are to be construed as prospective only (27 Halsbury's Laws of England, p. 159). It takes a clear expression of the legislative purpose to justify a retroactive application (*Isola* v. *Weber*, 147 N. Y. 329; *O'Reilly* v. *Utah, N. & C. Stage Co.*, 87 Hun, 406, 412; *Matter of Prostestant Episcopal Pub. School*, 58 Barb. 161; *United States* v. *Heth*, 3 Cranch, 399, 413). Changes of procedure, *i. e.*, of the form of remedies, are said to constitute an exception (*Lazarus* v. *Metropolitan E. R. Co.*, 145 N. Y. 581; *Laird* v. *Carton*, 196 N. Y. 169), but that exception does not reach a case where before the statute there was no remedy whatever (*Kelley* v. *B. & M. Railroad*, 135 Mass. 448; *Reinhardt* v. *Fritzsche*, 69 Hun, 565; *Shipman* v. *Treadwell*, 208 N. Y. 404, 415; *Germania Sav. Bank* v. *Village of Suspension Bridge*, 159 N. Y. 362). To supply a remedy where previously there was none of any kind is to create a right of action."

Supplementary proceedings are proceedings of a remedial nature, and, therefore, a statute relating to them would come within the exception above noted unless it supplied a remedy where none existed before. As will later be pointed out, there was some remedy available to the creditor herein after the ten years expired.

If within the exception the new statute is to be construed as applying to the existing condition of things unless the legislative intent is indicated otherwise. (*Laird* v. *Carton, supra.*) The language of the new section 773 of the Civil Practice Act would indicate that it was the intention of the Legislature to have it apply to existing judgments. By its terms the right to examine was granted under all judgments which had been rendered and which had not been satisfied or barred by the Statute of Limitations.

Tested by the rule above outlined, it seems that under the new law the right to maintain supplementary proceedings was intended to be granted as to all existing judgments not barred by the limitation of twenty years.

The second question concerns the power of the Legislature to revive a right to maintain supplementary proceedings where that right had been barred by the former statute. The legislative power would clearly exist unless there was interference with the right of contract or some other vested right. Plainly there is no right of contract impaired by the new law. No contract can be said to exist in favor of the debtor or the third party to continue the limitation at ten years for this form of remedy. The new law did not attempt to extend the duration of the judgment or the lien thereof. It " merely furnished the judgment creditor with a broader and more effective remedy than the law gave him before." (*Laird* v. *Carton, supra.*) If we should hold that the ten-year Statute of Limitations still applied to the present judgment, this creditor might, nevertheless, bring suit on the judgment, issue execution, and proceed with supplementary proceedings anew. It would seem entirely too narrow a limitation to place on legislative power to say that no law might be enacted by the Legislature to avoid such circuity of procedure with respect to the enforcement of a valid and existing right. If all remedies on the part of the creditor to enforce this judgment had been barred, a different question would be presented. The power under ordinary circumstances to revive a claim which has been completely barred by the Statute of Limitations would seem to be open to doubt in this State. (*Hopkins* v. *Lincoln Trust Co.*, 233 N. Y. 213; *Robinson* v. *Robins Dry Dock & Repair Co.*, 238 id. 271; *Campbell* v. *Holt*, 115 U. S. 620; 6 S. Ct. 209; 29 L. Ed. 483.) But, as already pointed out, the ten-year period provided in section 779 of the Civil Practice Act was not a bar to all the remedies of the creditor under the existing judgment. Hence the new statute did not attempt to supply the judgment creditor with a remedy where none existed before. The new law could not be said to interfere with the right of repose which arises from a barred claim, for the debtor was subject to suit on the judgment. The case of *Importers & Traders' Nat. Bank* v. *Quackenbush (supra)* is not authority contrary to the present holding. It did not involve any question of the power of the Legislature to extend the period within which a creditor might examine a debtor. It involved solely the interpretation of an existing statute and the right of a creditor to enlarge by his own act the period fixed by law with respect to a remedy. The reasoning in that case to the effect that proceedings supplementary to execution were in the nature of creditors' bills in equity and required the exhaustion of all legal remedies as a condition precedent to the institution of such proceedings no longer applies. Supplementary proceedings have been broadened in scope by the new scheme which eliminates the return of an execu-

tion as a prerequisite thereto. Therefore, even if a ten-year limitation existed as to a third party proceeding under the former law, such limitation no longer exists.

The motion to vacate the third party order is denied. Settle order.