In the Matter of Supplementary Proceedings: THE BANK OF UNITED STATES, Judgment Creditor, *v.* HARRY ROSENGARTEN, Judgment Debtor.

Supreme Court. Special Term. New York County. January 4, 1941.

*Carl J. Austrian* [*Thomas W. Ryan* of counsel], for the judgment creditor.

*Louis M. Weber,* for the judgment debtor.

EDER, J.   This is a motion to vacate and set aside an order directing the examination of the judgment debtor in proceedings supplementary to judgment upon the ground that such a proceeding is barred after a lapse of more than ten years by the Statute of Limitations (Civ. Prac. Act, § 53).   The judgment creditor contends that the 1935 amendment, adding section 773 to the Civil Practice Act, has resulted in extending the period from ten to twenty years, and that, therefore, the present proceeding is maintainable.

Giving due weight to the principles relating to and underlying statutes of limitation as statutes of repose, I am yet of the opinion that the Legislature intended by the enactment of section 773 to authorize such a proceeding to be instituted at any time until the statutory presumption of payment and discharge becomes operative by lapse of time, *i. e.,* after the expiration of twenty years.   (Civ. Prac. Act, § 44.)

Prior to the legislative enactments of 1935 amending article 45 of the Civil Practice Act relating to proceedings supplementary to judgment (§§ 773–810), the ten-year Statute of Limitations was understood to apply to such proceedings, as illustrated by *Importers & Traders National Bank* v. *Quackenbush* (143 N. Y. 567).   This case, however, did not involve any question of the power of the Legislature to extend the period within which a creditor might examine a debtor.   A very substantial change was made by the 1935 amendment which provides that " A proceeding may be maintained until such judgment is satisfied, vacated or barred by the Statute of Limitations."

Section 44 of the Civil Practice Act is entitled, " When satisfaction of judgment presumed," and so far as here material provides: " A final judgment * * * for a sum of money * * * is presumed to be paid and satisfied after the expiration of twenty

years from the time when the party recovering it was first entitled to a mandate to enforce it." The judgment is thus effective for twenty years before it is extinguished by the statutory presumption of payment.

Since the statute declares that such a proceeding may be maintained until the judgment is satisfied, it is reasonable to conclude that the Legislature intended to give the judgment creditor opportunity, at any time before the judgment was obliterated by time, to institute and maintain such a proceeding, *i. e.*, keeping his *remedy* alive for the same period as that for which the judgment was effective; this seems logical and sound; otherwise it seems to me that the phrase " until the judgment is satisfied " is without significance.

Supplementary proceedings are, obviously, of a remedial character, and hence it is reasonable to infer that it was the legislative intent to furnish the judgment creditor with a broader and more enlarged remedy than that which existed before, and regarded in this light conveys a legislative intention to extend the time for the invocation of such proceedings to a period of twenty years. Such a view will be found countenanced in *Gotham National Bank* v. *Strunsky* (162 Misc. 673) and in *Meinhard* v. *Millstein* (Id. 22).

In arriving at this conclusion I am not unmindful of the public policy behind statutes of limitation as statutes of repose and the principles relating to and underlying their enactment. (*Pillow* v. *Roberts*, 13 How. [U. S.] 472, 476; *Hayes* v. *McIntire*, 45 Fed. 529; *Hart* v. *Goadby*, 72 Misc. 232.) At the same time due recognition must be given to the concomitant principle that they are designed to affect the remedy and apply only to the remedy without canceling the obligation; and although the remedy for the enforcement of the debt may be lost by delay, the creditor's right to payment remains unimpaired. (*Leask* v. *Hoagland*, 64 Misc. 156; *Hulbert* v. *Clark*, 128 N. Y. 295.)

Statutes of limitation, like rules of evidence, are not property in which any one can be said to have a vested right, and so they may be altered and changed, to operate even retrospectively, though subject always, of course, to such limitations as the Constitution may impose; and as they emanate from the fount of State as acts of grace from the sovereign power, they may be recalled, altered or withdrawn, subject to the limitation only that the effect of the later legislation must not be an interference with the right of contract or some other vested right. (*Gotham National Bank* v. *Strunsky, supra.*) In the *Gotham* case the court said: " No contract can be said to exist in favor of the debtor * * * to continue the limitation at ten years for this form of remedy."

In fine, parties have no vested rights in remedies or matters of procedure except those expressly protected by the constitutional provisions, either Federal or State, such, for example, as the right of trial by jury, and the privilege of the writ of habeas corpus (*Steers* v. *Kinsey*, 68 Ark. 360, 368; 58 S. W. 1050, 1053; *Moore* v. *State*, 43 N. J. L. 203), but in such instances it is to be observed that the remedy is part of the right itself. (*Dwyer* v. *Volmar Trucking Corp.*, 105 N. J. L. 518; 146 A. 685, 687.)

Bar of action by lapse of time, as a right of defense, is given by statute law; it is clear that the limitation was established by the lawmakers under the idea that it was a politic measure; the statute, not the Constitution, gives the right to invoke the bar and hence the Legislature may alter or repeal it, and a statute of limitations confers no vested right. (See *Moore* v. *State*, *supra*, p. 245; also *Guillotel* v. *Mayor*, 55 How. Pr. 114.)

It is, therefore, that I conclude that the present proceeding is not in conflict with or offensive to or violative of any governing principle relating to the limitation of actions. Hence I hold that the applicable Statute of Limitations, as respects proceedings supplementary to judgment, is twenty years.

The motion to vacate and set aside the order directing the judgment debtor to appear for examination is, accordingly, denied Settle order.