In the Matter of L. MICHEL PLUMBING & HEATING CORPORATION, Judgment Creditor, v. RANDALL AVENUE THEATRE CORPORATION and NATHAN STEINBERG, Judgment Debtors.

City Court of New York, Special Term, New York County, January 22, 1943.

*Abraham Wilson* for judgment creditor.

*Aleck Slade* for Morris Wolf, third party.

McCULLEN, J. The attorney for the creditor, upon examination in proceedings supplementary to judgment of the third party, an attorney at law, asked him whether or not, as assignee or agent, he had in his possession or had received any moneys belonging to the individual debtor or for his account. The third party declined to answer on the ground that he was the attorney for the said debtor and hence the information sought was privileged.

While an attorney may not disclose a communication made by his client to him or his advice given thereon (Civ. Prac. Act, § 353), such prohibition does not extend to money or property received by or in the custody or control of the attorney, for he merely becomes the agent of his client with respect thereto.

Such agency is not within the scope of his professional function as an attorney and consequently does not constitute a communication within the statutory prohibition. (*Phoebus* v. *Webster,* 40 Misc. 528; *Matter of Howe* v. *Stuart,* 68 Misc. 352.)

The contention of the third party, that his denial that he at present has any funds of the said debtor necessitates a closing of his examination as a third party and the institution of a proceeding to examine him as a witness, is without merit. Having appeared without questioning the sufficiency of the third-party subpoena served on him, he may not by a bare denial of indebtedness or possession preclude the creditor from further examination with respect to his transactions with the said debtor in relation to such property unless and until he is subpœnaed as a witness. Such procedure would not only needlessly hamper the creditor but would defeat the intent of the statute to afford him a complete and searching examination to ascertain the assets of the debtor.

The third party is directed to answer all questions as to property of the said individual debtor received by him and the disposition, if any, which has been made of same. The examination is to be continued at Special Term, Part II, on January 29, 1943, at 2 p. m., at which time the third party is directed to attend.