In the Matter of the Estate of MAMIE FEINBERG, Deceased.

Surrogate's Court, Kings County, September 28, 1945.

*Murray R. Paris* for respondents.

*Abraham Dolinsky* for David Maiman, as administrator, petitioner.

McGarey, S. The motions to dismiss the proceeding for discovery instituted pursuant to the provisions of section 205 of the Surrogate's Court Act are disposed of as follows:

The motion to dismiss upon the ground of lack of personal jurisdiction of the respondents is denied. The stipulation entered into between the attorneys for petitioner and respondents adjourning the examination was not incidental to or part of any special appearance or motion attacking the petition and service thereof on jurisdictional grounds. Furthermore, the respondents not only contested the discovery proceeding on jurisdictional grounds but also on the merits. A respondent who intends to appear specially in a proceeding must rely solely upon his jurisdictional objection. He cannot protest against the court's jurisdiction and at the same time defend the proceeding on its merits, and when he adopts such inconsistent positions at the same time, he is deemed to have waived his jurisdictional objection. Here the respondents have coupled their motion to dismiss for lack of jurisdiction with motions addressed to the merits and consequently, they have submitted themselves to the jurisdiction of this court (*Braman* v. *Braman*, 236 App. Div. 164; *Montgomery* v. *East Ridgelawn Cemetery*, 182 Misc. 562, and cases cited therein, affd. 268 App. Div. 857).

The motion to dismiss as to the respondent-attorney on the ground that the information sought of him was privileged within the purview of section 353 of the Civil Practice Act must be denied. The petition does not disclose that the allegations as to said respondent call for matters or information deemed prohibited by said section. It may well be that the intended

line of inquiry may be such as would not afford to respondent the protection of the statute against privileged communications between attorney and client. While an attorney may not disclose a communication made by a client to him or his advice given thereon, such prohibition, afforded by section 353 of the Civil Practice Act, does not extend to money or property received by or in the custody or control of the attorney, for he merely becomes the agent of his client with respect thereto (*Michel Plumb. & H. Corp.* v. *Randall Ave. T. Corp.*, 179 Misc. 998, 999, and cases cited therein; *Chellis* v. *Chapman*, 52 Hun 613, opinion in 7 N. Y. S. 78; affd. 125 N. Y. 214; *Schattman* v. *Am. Credit Indemnity Co.*, 34 App. Div. 392, 397, 398). The claim of privilege is one to be asserted upon the examination, at which time respondent-attorney will be afforded ample protection by the court which can, upon proper objection, determine whether the particular question or questions require answers which come within the scope of his professional function as an attorney or are such as do not constitute a communication within the statutory prohibition.

The motion to dismiss for failure of the petition to specifically describe and identify the jewelry alleged to be in respondents' possession is denied. In view of the broad latitude permitted in the initial or inquisitional stage of a discovery proceeding, sufficient is alleged in the petition to make out a prima facie showing of petitioner's right to examine the respondents. The application insofar as it seeks a dismissal of the petition in respect to the bankbook is also denied. The mere knowledge on the part of petitioner as to the whereabouts of the bankbook and the alleged claim of title by one of the respondents serve no basis in law for denying the relief afforded by sections 205 and 206 of the Surrogate's Court Act. A claim of title made prior to the institution of the discovery proceeding or in an affidavit in support of a motion to dismiss such proceeding cannot take the place of (a) an answer alleging title to or the right to possession of any property involved in the inquiry or (b) a claim of title made at the time of the inquiry. *Matter of Mangene* (258 App. Div. 814), cited by respondents, is not in point as it appears that in that case an *answer* was interposed affirmatively alleging title and right to possession of the items of property involved.

The respondents are afforded an opportunity to serve and file an answer to this proceeding or take such other steps as they deem necessary with respect thereto within ten days after the service on their attorney of a copy of the order to be entered

herein. In default thereof, the respondents will be directed to appear for examination on October 22, 1945, at the same time and place.

Submit order, on notice, accordingly.