## MONTICELLO TOBACCO CO., Inc. v. AMERICAN TOBACCO CO. et al.

United States District Court
S. D. New York.
Jan. 23, 1952.

Kepecs & Frischer, New York City, Philip Handelman, New York City, for plaintiff.

The Witness and Attorney for plaintiff.

Chadbourne, Parke, Whiteside, Wolff & Brophy, New York City (Paul M. Hahn, Vincent Riggio and American Suppliers, Ralph D. Ray and Melvin D. Goodman, New York City, of counsel), for defendant judgment creditors, American Tobacco Co.

Webster, Sheffield & Horan, New York City (Frederick P. Haas, New York City, of counsel), for defendant judgment creditors, Liggett & Myers Tobacco Co., James W. Andrews and William A. Blount.

WEINFELD, District Judge.

This is a motion under Rule 37 of the Federal Rules of Civil Procedure, 28 U.S. C.A., to compel an attorney who acted as trial counsel and is now appeal attorney for the plaintiff to answer certain questions propounded to him upon an oral examination in aid of a judgment for costs entered in favor of the defendants. The questions seek to elicit facts relating to, or leading to, discovery of plaintiff's assets.

Inquiries as to past financial payments made in connection with plaintiff's lawsuit conceivably could lead to the discovery of assets held by others or under their control but in fact belonging to the plaintiff. So, too, in the instance of the source of funds to prosecute the pending appeal.

The nature of the proceeding requires a broad, rather than a restricted, examination. Its purpose, as stated by Professor

Moore, is (1) to obtain discovery of assets; and (2) to reach "'equitable' assets beyond the scope of legal execution or to reach property concealed or fraudulently transferred." 3 Moore's Federal Practice, First Edition, ¶69.02.

Accordingly, the following disposition is made:

*Page 5, Sixth Question: Page 6, Second Question:*

 The witness is directed to answer. A question may be put to the witness to inquire as to whether he was retained by plaintiff or any other person acting for or on its behalf and whether he expects to receive compensation for the services to be rendered upon the appeal from the plaintiff or from any other person who may have agreed to provide the payment for the benefit of the plaintiff. However, he is not required to answer as to the specific terms of compensation provided for under the retainer.

*Page 12, Seventh Question:*

To be answered. Also to be answered are such questions as may be put as to the witness' knowledge of plaintiff's past financial condition and the source of payment to meet various obligations.

*Page 13, Third, Fourth and Fifth Questions:*

To be answered.

*Page 14:*

All questions to be answered.

*Page 15, Second to Eighth Questions, Inclusive:*

To be answered.

*Page 16:*

All questions to be answered.

*Page 17, First Six Questions:*

To be answered.

*Page 18:*

The claim of privilege based upon the attorney-client relationship is not well founded. The questions put to the witness relate to possession of property held for the account of the judgment-debtor. The statute [1] against disclosing privileged communications between attorney and client does not extend to money or property received by, or in the custody or control of, the attorney, for he is acting as agent for his client with respect thereto. Matter of Feinberg's Estate, 185 Misc. 862, 864, 57 N.Y.S.2d 747; Michel Plumbing & Heating Corp. v. Randall Ave. Theatre Corp., 179 Misc. 998, 39 N.Y.S.2d 830.

*Page 19, Fourth and Sixth Questions:*

To be answered.

*Page 20, First and Last Questions:*

To be answered.

*Page 21:*

All questions to be answered.

Upon the argument of the motion, the witness requested that in the event he were directed to answer, the date of the continued examination be fixed so as not to interfere with prosecution of the appeal, which involves preparation of an extensive record and brief following a long trial. This request appears reasonable and the parties may submit suggestions as to the date of the examination.

Settle order on notice.

---

1. New York Civil Practice Act, § 353.