131 N.J. Super. 87 (1974)
328 A.2d 633
DAVIS ACOUSTICAL CORP., PLAINTIFF-RESPONDENT,
v.
LOUIS SKULNIK, DEFENDANT, AND MARTIN SKULNIK, THIRD-PARTY APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted October 29, 1974.
Decided November 14, 1974.
*89 Before Judges COLLESTER, LORA and HANDLER.
Messrs. Krieger and Chodash, attorneys for third party-appellant (Mr. Mendel White on the brief).
Messrs. Rosenblum and Rosenblum, attorneys for respondent (Mr. Edward G. Rosenblum on the brief).
The opinion of the court was delivered by LORA, J.A.D.
Third-party appellant Martin Skulnik appeals from an order dated July 30, 1973 which denied modification of an order for discovery granted ex parte on December 22, 1972.
On May 4, 1967 plaintiff Davis Acoustical Corp., obtained a judgment in the amount of $55,880.10 against defendant Louis Skulnik. On December 22, 1972 plaintiff secured an ex parte order for discovery compelling Martin Skulnik, son of defendant Louis Skulnik, to produce certain documents. *90 Martin Skulnik then moved to modify the order. On July 30, 1973 the motion was denied.
The record discloses that during supplementary proceedings the judgment-debtor testified that his son Martin accumulated $10,000 to $15,000 working while in college which he used to start United Steel Products Company in Hempstead, Long Island, New York. He further deposed that the East Paterson house in which he resided was owned by his son, who was given the house as a gift. In his petition for discovery the judgment creditor's attorney alleged these circumstances raised "a strong suggestion * * * that the transactions * * * may have been of a fraudulent nature."
The court thereupon entered an ex parte order compelling Martin Skulnik to attend a discovery proceeding and to produce "any and all correspondence, cancelled checks, checkbooks, passbooks for savings accounts or bank accounts, and any and all other documentation which he possesses to establish the purchase of the United Steel Products Co. with his own funds" and "documents reflecting his ownership of the premises, 2 Donner Avenue, East Paterson, New Jersey as well as statement of closing title, cancelled checks and any and all other evidence indicating the consideration paid by him therefor."
Third-party appellant moved to modify the order for discovery by striking said provisions of the order and permitting him to be examined only "with respect to his father's assets, but not with respect to the son's."
During oral argument on the motion plaintiff's attorney pointed out that the son had formed United Steel Products within one year after the judgment was entered against his father. The company moved to New Jersey in 1971, where its machinery alone has an estimated worth of $150,000; that it does business with the steel company of which the father is an officer and director. Plaintiff's attorney further asserted the debtor had testified falsely during depositions that he was not connected with any corporation in New Jersey or elsewhere, whereas the records of the Secretary of *91 State of New Jersey revealed he was the president and director of Shelf-It Steel Products, Inc. at that time.
Additionally, it was asserted that the debtor resides in a house at 2 Donner Avenue, East Paterson, title to which is in his son; that on depositions the debtor testified that he and his wife had purchased the house in 1955, transferred it to his brother-in-law in 1958, who gave it to his daughter in 1964 as a wedding present, and who, in turn, gave it to his son Martin Skulnik as a gift. Martin's affidavit stated the house was transferred to him in 1970 by his mother, who was the sole owner thereof, and all the other property in question belonged to him.
Third-party appellant argued, as here, that the court lacked jurisdiction over him; that discovery of a person's assets could not be granted simply because he resided in New Jersey; that the order should be modified to the extent requested in his notice of motion. He further argued that plaintiff was required to show a transfer of assets before discovery of those assets was proper; that the scope of the discovery was unduly oppressive and harassing and in violation of the Fourteenth Amendment and his constitutional rights of due process and equal protection of the law.
In his written opinion dated June 28, 1973 denying third-party appellant's motion the trial judge stated that plaintiff had validly raised a question concerning the relationship of Louis and Martin Skulnik with respect to the properties noted, and the discovery sought was consistent with the liberal interpretation of the court rules traditionally supplied by the courts.
Under our rules of practice the court has the power to subject a third party to judicial process for discovery in aid of execution. Broad authorization to this effect is provided by R. 4:59-1(d) and R. 6:7-2(a). Congdon v. Jersey Construction Co., 55 N.J. Super. 571, 582 (App. Div. 1959).
A judgment creditor is afforded such discovery to assist him in locating assets on which execution can *92 issue or assets that have been fraudulently transferred or are otherwise beyond the reach of execution. Monticello Tobacco Co., Inc. v. American Tobacco Co., 12 F.R.D. 344 (S.D.N.Y. 1952), aff'd on merits, 197 F.2d 629 (2 Cir.1952), cert. den. 344 U.S. 875, 73 S.Ct. 168, 97 L.Ed. 678 (1958); 7 Moore's Federal Practice, § 69.05(1) (1974); 12 Wright and Miller, Federal Practice and Procedure, § 3014 (1973). While the scope of examination is broad, third persons may be examined only as to assets of the judgment debtor and cannot be required to make disclosure of their individual assets. Burak v. Scott, 29 F. Supp. 775, 776 (D.C.D.C. 1939); 12 Wright and Miller, Federal Practice and Procedure, § 3014 at 72.
However, a third party may not avoid discovery by merely submitting an affidavit asserting his ownership over the property in dispute. De Lepomme v. Luquer, 39 N.Y.S.2d 283 (Sup. Ct. 1943); In re De Ponce De Leon, 63 App. Div. 41, 71 N.Y.S. 380 (App. Div. 1901); First National Bank v. Gow, 139 App. Div. 576, 124 N.Y.S. 449, 451 (App. Div. 1910). Martin Skulnik's assertion of ownership begs the very issue at hand, for the purpose of the discovery proceedings is to determine who, in fact, owns the disputed property.
The grant or denial of a petition for discovery rests within the sound discretion of the trial judge. It is not necessary to present positive proof that the debtor has an interest in property held by a third person. It is sufficient if enough information is furnished to satisfy the judge to whom application is made. 33 C.J.S. Executions § 362 at 667, § 365(f) at 674. Cf. Peoples Bank of Buffalo v. Brown, 112 F. 652, 653 (3 Cir.1902); Herron v. Blackford, 264 F.2d 723, 725 (5 Cir.1959).
Here, sufficient information was furnished by the judgment creditor to raise a reasonable doubt of the ownership of the properties in question and to raise a sufficient possibility that the judgment debtor had interests in the properties. These factors would render the issue of such ownership *93 and interest amenable to clarification or substantiation through reasonable discovery. The trial judge's ruling in this respect is consistent with the liberal purpose and spirit of discovery under the court rules and does not constitute an abuse of his discretion. Lakewood Trust Co. v. Fidelity & Deposit Co., 81 N.J. Super. 329 (Law Div. 1963).
In reaching this conclusion we are not unmindful that there is authority that a direct action against the third party may be appropriate. See, e.g., Lowther v. Lowther, 110 App. Div. 122, 97 N.Y.S. 5 (App. Div. 1905). However, in our view, under the circumstances of this case, the trial judge's order for discovery was well within the bounds of sound discretion.
We have also sua sponte considered the factor of plaintiff's delay in seeking discovery of the third-party appellant. Generally, supplementary proceedings may be instituted at any time during the life of a judgment. Some jurisdictions so provide by statute. See, e.g., Bank of United States v. Rosengarten, 175 Misc. 677, 24 N.Y.S.2d 647 (Sup. Ct. 1941); Kahigas v. Hannigan, 84 N.Y.S.2d 30 (Sup. Ct. 1948). In such jurisdictions it has been held that supplementary proceedings for examination of a third party are maintainable as to all existing judgments not barred by the statutory limitation of twenty years. Gotham Nat. Bank of New York v. Strunsky, 162 Misc. 673, 293 N.Y.S. 961 (Sup. Ct. 1936). Although we are aware of no New Jersey statutes governing such supplementary proceedings, we are of the opinion they may be brought so long as the judgment remains viable.
Our review of the record satisfies us the trial judge properly weighed the respective equities of the plaintiff vis-a-vis those of the third-party appellant in his determination of the latter's motion to modify the ex parte order previously issued by the court.
As stated in Caisson Corp. v. County West Building Corp., 62 F.R.D. 331, 335 (D.C.E.D. Pa. 1974):
*94 There is no doubt that third parties can be examined in relation to the financial affairs of the judgment debtor. The appropriate manner to afford third parties protection is not to require that questions be phrased in a logistically conclusory manner but rather to allow questions as to their personal activities, within limits, yet requiring some showing of the relationship that exists between the judgment debtor and the third party from which the court on a motion for a protective order can determine whether the examination has a basis. We think that this is the appropriate manner for balancing the potentially conflicting legitimate interests both of parties in satisfying judgments, in light of the difficulty of such task at times, and of third parties in protection from baseless harassment. Cf., Capital Co. v. Fox, 85 F.2d 97 (2 Cir.1936). We think that, in fact, both the Burak and Monticello cases are consistent with this approach and specifically that Burak does not support the deponent's position in this case.
The inquiries permitted by the trial judge's order are relevant with respect to whether the properties involved may be considered assets of the judgment debtor. The thrust of the discovery is directly related to an examination of assets of the judgment debtor. We do not anticipate that in the execution of the order there will be an abuse of its terms or an untrammeled investigation of the affairs of the third party.
Certainly appellant is entitled to be represented by counsel in such discovery proceedings and, if it is perceived that inquiries go beyond the proper scope of the order, objection can be made and the matter resolved at that juncture by the trial court.
Affirmed.