### SNELSON v. HENN.
No. 61L 388-B.

Circuit Court, Palm Beach County.

June 2, 1977.

J. Patrick Dyal, Fort Lauderdale, for the plaintiff.

Henry Ransburgh, Fort Lauderdale, for the defendant.

Henry H. Fox of English, McCaughan & O'Bryan, Fort Lauderdale, for the First National Bank of Margate.

A. J. Mussleman of Mussleman & Rhinehart, Pompano Beach, for the Southeast Bank of Deerfield Beach.

DANIEL T. K. HURLEY, Acting Circuit Judge.

On August 10, 1961, Winfield M. Snelson obtained a summary final judgment of $43,258.58 against Preston B. Henn. Since then Snelson has engaged in a continuing, but as yet unsuccessful, effort to collect upon the judgment. The situation is particularly frustrating to the plaintiff because Henn, far from being impecunious, appears to be living in the lap of luxury. At his deposition, he testified that he is currently employed by a corporation (apparently controlled by his brother-in-law) at a weekly salary of $2,500, and that he operates and races a forty foot Bertram ocean racing boat which is titled to another corporation. Snelson therefore contends that Henn has devised an intricate scheme to defeat this judgment by registering his assets in the name of his wife, relatives and closely held corporations.

To prove his contention of concealment of assets, plaintiff, pursuant to Rule 1.560, Fla.R.Civ.P., issued a "notice to produce"

and a "subpoena for deposition (duces tecum)" to two banks. The following was requested —

> Any and all credit applications, financial statements, loan applications, correspondence, memorandums, mortgages and records regarding any transactions with Preston B. Henn, for the period of January 1, 1960 to the present date, irregardless as to whether said records are jointly or severally maintained with Preston B. Henn or his wife, Betty Henn, or any relative related by blood or law.

Next, plaintiff issued notices of deposition and "subpoenas for deposition (duces tecum)" to Mrs. Nettie Turbyfill, defendant's siter-in-law, and to Mr. Harold Turbyfill, defendant's brother-in-law. A notice of deposition without a subpoena to produce was also issued to Mrs. Betty Henn, defendant's wife.

The subpoenas duces tecum required the production of the following items —

Finally, plaintiff issued notices of deposition and "subpoenas for deposition (duces tecum") to two corporations — Florida Drive-In Theater Management, Inc. (defendant's employer), and Art Advertising, Inc. (the owner of the racing boat used by defendant). Both corporations were required to produce —

> 1. All of your personal, financial, business and property records and all other papers, books, record books and books of account which tend to disclose the extent and nature of all financial interests, property and property rights owned by Preston B. Henn, Betty Henn, Harold Turbyfill and Nettie Turbyfill, and the location thereof.

[Items 2 to 18, inc. omitted, see note above.]

The cause came on before the court upon the plaintiff's motion for an order compelling production and upon defendant's motion to quash the subpoenas duces tecum issued to the Turbyfills and to the two corporations. At the hearing, plaintiff argued that Rule 1.560 permits unrestrained discovery of any person. Defendant

stated that third persons who were not parties to the original action could not be required to produce documents without first being impleaded as a party to the action.

At the outset it should be noted that defendant's theory regarding the necessity to implead third persons, misses the point. All of the cases relied upon, *Ryan's Furniture Exchange v. McNair*, 162 So. 483 (Fla. 1935), *Tomayko v. Thomas*, 143 So.2d 227 (Fla. 3rd DCA 1962), and *State v. Kehoe*, 189 So.2d 268 (Fla. 3rd DCA 1966), deal with final adjudication of property rights and not with discovery. No one questions that third persons must be impleaded before their property may be subjected to levy. *Art Advertising Co. Inc. v. Associated Press*, 340 So.2d 1291 (Fla. 3rd DCA 1977).

Without question, Rule 1.560, Fla.R.Civ.P., permits discovery from individuals who were not parties to the original action. The very language of the rule speaks in terms of "any person" and in this respect, the rule is open ended and unrestricted. Moreover, the judgment creditor or his successor in interest is not limited to serving interrogatories or taking depositions. Our rule is modeled after Rule 69 (a) of the Federal Rules of Civil Procedure. Initially the federal rule talked of examining any person. In 1970, however, the phrase "obtain discovery from" was substituted for the word "examine" to make it clear that ". . . if discovery is pursued . . . all the discovery devices of the rules may be used . . ." *Caisson Corporation v. County West Building Corp.*, 62 F.R.D. 331 (E.D. Pa. 1974); 12 Wright and Miller, Federal Practice and Procedure, Section 3014 (1973). Thus the production of documents as authorized by Florida Rules 1.280, 1.350 and 1.410 (b) is a permissible discovery device which may be employed under Rule 1.560. This comports with the historical development of the rule and furthers its purpose of giving the judgment creditor freedom to make broad inquiry to discover hidden or concealed assets of the judgment debtor.

While the scope of examination or the range of items and documents that may be required to be produced is very broad, see e.g., *Monticello Tobacco Co. v. American Tobacco Co.*, 12 F.R.D. 344 (S.D. N.Y. 1952), third persons may be examined only about the assets of the judgment debtor and cannot be required to disclose their own assets. *Burak v. Scott*, 29 F.Supp. 775 (D.C. D.C. 1939). Thus only those documents in the possession of third persons which directly relate to the assets of the judgment debtor are subject to production.

It is the intent of the rule that the discovery process be kept within the confines of gathering information about the judgment debtor's concealed assets. The process is not meant to be a means

of harassment or unnecessary invasion of the privacy of third persons. Therefore, before a judgment creditor may cross the threshold and engage in a discovery process which scrutinizes the assets or property held by third persons, in which it is believed that the judgment debtor has an interest, there must be some reasonable showing, supported by articulable facts, which would satisfy a judge that the inquiry is justified. It is not necessary to present positive proof that the debtor has an interest in the property held by a third person. Nor may the third person avoid discovery merely by submitting an affidavit asserting his ownership over the property in dispute. *Davis Acoustical Corp. v. Skulnik,* 131 N.J.Super. 87, 328 A.2d 633 (1974).

To summarize: (1) Any person may be subjected to discovery in aid of execution. (2) Discovery may include the production of documents by third persons as long as those documents directly relate to property or assets of the judgment debtor. (3) There must be a judicial determination of justification, based upon some reasonable showing, before a judgment creditor may engage in discovery of assets held by a third person.

Turning to the facts of this case, aside from the representations of counsel at the motion hearing, no evidence (not even the defendant's deposition which was taken on February 15, 1977 and which apparently motivated the present action) was offered to justify the request for production of documents by the defendant's relatives and by the two corporations. Accordingly, it is ordered and adjudged that the defendant's motion to quash the subpoenas duces tecum issued to Mrs. Nettie Turbyfill and Mr. Harold Turbyfill is granted. Said subpoenas are herby quashed. This action is without prejudice to the plaintiff's reapplication subject to the provisions above.

It is further ordered and adjudged that the defendant's motion to quash the subpoenas duces tecum issued to Florida Drive-In Theater Management, Inc. and Art Advertising, Inc. is denied. The items required to be produced pursuant to said subpoenas, however, are herewith limited to those set forth in paragraph 1 on the list furnished each corporation. Furthermore, said paragraph 1 is herewith modified to the extent that the names "Betty Henn, Harold Turbyfill and Nettie Turbyfill," are herewith stricken. Paragraphs 2 through 18 are also stricken.

It is further ordered and adjudged that the First National Bank of Margate and the Southeast Bank of Deerfield are herewith ordered to comply with plaintiff's notice to produce and subpoena for deposition duces tecum within 30 days from the rendition of this order.