ROBERTSON, Justice,
for the Court:
I.
This matter is before the Court on a third party’s objections to the fact and scope of a judgment creditor’s post-judgment examination. We hold that the judgment creditor may conduct the examination but that it is limited in scope to matters, not privileged, relevant to the judgment creditor’s allegations that the judgment 'debtor has assets which properly should be discovered and used to satisfy the judgment.
II.
John J. Whitehead and Larry Whitehead brought a civil action in the Circuit Court of Jackson County, Mississippi, naming as defendants Kent T. Higdon and others. On December 1, 1988, the Circuit Court entered final judgment in favor of the Whiteheads and against Higdon and others in the amount of $328,011.83 plus interest and costs.
Subsequent to the judgment, the Whiteheads filed a Motion for Post Judgment Examination. Proceeding on the premise that Luther D. Burchinal, a third party, has knowledge regarding assets available to Higdon, the Whiteheads called Burchinal for testimony, and served him with a subpoena duces tecum directing that he produce:
Any and all books, records, ledgers, check books, savings passbooks, bank statements, or any and all other documents of whatever nature which provides information as to the identity of any and all companies [by] which Kent T. Higdon is employed as an independent agent or has business dealings, or which has paid him money within the last six months, currently owes him money or can reasonably foresee within the next six months to owe him money.
See Rules 69(b), 30(b)(1), and 45, Miss.R. Civ.P.
Burchinal appeared as required but objected to the proceeding on grounds that he was a non-party to the action. Without waiving further objection, he provided a copy of a contract between his company and the judgment debtor, Kent T. Higdon, and an itemization of certain monies Bur-chinal’s company had paid to Higdon since January of 1989. The Circuit Court overruled Burchinal’s objections and directed that he submit to questioning as required by the subpoena and that this be done in open court.
Burchinal then took the witness stand, at which time the attorney for the Whiteheads asked him the nature of his business, the type of business he was in, and his ownership of various companies. Upon advice of counsel, Burchinal refused to answer. At that point, the Circuit Court held Burchinal in contempt and by order of August 16, 1989, directed that Burchinal be jailed for ten days and fined $50.00, with the ten day jail sentence suspended. The Circuit Court stayed enforcement of its order pending action by this Court.
Burchinal has now sought permission to appeal, raising questions regarding the fact and scope of the examination the Whiteheads propose to conduct. We repeat that we are
not about to become involved in the wholesale granting of interlocutory appeals in civil discovery disputes.
In re Knapp, 536 So.2d 1330, 1333 (Miss.1988). Notwithstanding, we treat this Petition for Interlocutory Appeal as a Petition for Extraordinary Relief from the order holding Burchinal in contempt, Miss.Sup. Ct.R. 21, in order to address an important issue hitherto not before this Court.
III.
Our law provides a process by which judgment creditors may obtain discovery of the assets of their debtors, a process like unto that available in most states in the *283 union and, in our particular case, patterned after the Federal Rules of Civil Procedure. Common experience has taught that vital information regarding assets which ought to be subjected to the lien of or discharge of a judgment are often in the hands of third persons and, as well, information concerning such assets, and our rule addresses this circumstance as well.
Rule 69(b), Miss.R.Civ.P., reads as follows:
RULE 69. EXECUTION
* * * * * *
(b) Examination by Judgment Creditor. To aid in the satisfaction of a judgment of more than one hundred dollars, the judgment creditor may examine the judgment debtor or any other person, including the books, papers, or documents of same, upon any matter not privileged relating to the debtor’s property-
The judgment creditor may examine the judgment debtor or other person in open court as provided by statute or may utilize the discovery procedures stated in Rules 26 through 37 hereof.
By virtue of the rule, the judgment creditor may elect either the discovery procedures of Rules 26 through 37 or the not radically different procedure authorized in Miss.Code Ann. §§ 13-1-261, et seq. (1972).[1] H & W Transfer & Cartage Service v, Griffin, 511 So.2d 895, 900 (Miss.1987). In H & W Transfer we held the rule enforceable against the corporate officer of a debtor although in a technical sense the officer was not a party to the action. We have never considered the rule in the context of a judgment creditor’s efforts to examine a third person not employed by nor an agent of the judgment debtor.
We find that in both the federal system and other states the rules regarding such matters are reasonably well set-tied. The controlling principle is the general scope of allowable discovery appearing in Rule 26(b), Miss.R.Civ.P., tailored to fit the present circumstance. This principle suggests that third persons such as Luther D. Burchinal may be examined regarding the assets of the judgment debtor but no inquiry may be made into his personal assets or affairs. One leading authority on the subject has written
When discovery is sought from the ... third person the judgment creditor should be given the freedom to probe the deponent for the purpose of discovering any hidden or concealed assets of the debtor. The inquiry should, however, be kept pertinent to that goal; and should not be allowed to get out of hand and become a means of harassment of the ... third person.
7 Moore’s Federal Practice ¶ 69.05(1) (2d Ed.); see also 12 Wright and Miller, Federal Practice and Procedure § 3014 (1973). One frequently cited judicial expression appears in Caisson Corp. v. County West Building Corp., 62 F.R.D. 331, 335 (E.D.Pa.1974):
There is no doubt that third parties can be examined in relation to the financial affairs of the judgment debtor. The appropriate manner to afford third parties protection is not to require that questions be phrased in a legalistically conclu-sory manner but rather to allow questions as to their personal activities, within limits, yet requiring some showing of the relationship that exists between the judgment debtor and the third party from which the court on motion for protective order can determine whether the examination has a basis.
See also Davis Acoustical Corp. v. Skulnik, 131 N.J.Super. 87, 328 A.2d 633, 637 (1974); Strick Corp. v. Thai Teak Products Co., Ltd., 493 F.Supp. 1210, 1218 (E.D.Pa.1980); Alpern v. Frishman, 465 A.2d 828, 829 (D.C.App.1983); Fleming v. Etherington, 227 Kan. 795, 610 P.2d 592, 595 (1980); Burak v. Scott, 29 F.Supp. 775, *284 776 (D.D.C.1939). For further expressions that a judgment creditor seeking discovery from a non-party must proceed in good faith and not merely to harass, see Magna-Leasing, Inc. v. Staten Island Mall, 76 F.R.D. 559, 562 (S.D.N.Y.1977), and Caisson Corp. v. County West Building Corp., 62 F.R.D. at 335.
Applying these guidelines is necessarily difficult and must take place on the local level. For example, we are told that at the examination the Whiteheads’ counsel asked Burchinal “the nature of his business, the type of business he was in and his ownership in various companies.” It is not clear whether these were general introductory questions which, in and of themselves, would have been innocuous, or whether they were the beginning of an exploration of Burchinal’s business affairs which quite likely would have no connection with Hig-don or any assets available to him for satisfaction of the judgment.
We nevertheless hold that Burchinal was subject to deposition or in-court examination, as the Whiteheads may prefer, within the guidelines enumerated above. On the other hand, the questions that Burchinal refused to answer were the source and ground for the Circuit Court's adjudication of contempt, were broad, and were not clearly within the contours of that which is allowed. Accordingly, we vacate the order of contempt and remand the matter to the Circuit Court of Jackson County for further proceedings not inconsistent with this opinion.
PETITION FOR EXTRAORDINARY RELIEF GRANTED; ORDER OF CONTEMPT VACATED; MATTER REMANDED TO LOWER COURT FOR PROCEEDINGS NOT INCONSISTENT WITH-THIS OPINION.
ROY NOBLE LEE, C.J., HAWKINS, P.J., PRATHER, and SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.
DAN M. LEE, P.J., concurs in result only.

. We do not address here any perceived conflict between MRCP 69 and Miss.Code Ann. §§ 13 — 1— 261, et seq. (1972). The Rule is merely an extension of the statute in that the statute allows examination of the judgment debtor while the Rule allows examination of the judgment debtor "or any other person ... upon any matter not privileged relating to the debtor’s property.”