**BURAK v. SCOTT et al.**
No. 88972.

District Court of the United States for the District of Columbia.
Oct. 19, 1939.

776

I. H. Minovitz, of Washington, D. C., for plaintiff.

Russell Morris, of Washington, D. C., for defendant.

MORRIS, Justice.

Plaintiff obtained a judgment for damages against Charles Scott, Wilbur Jordan, Philip Jordan, "members and officers of the State Taxicab Association," in the amount of $3,000, with interest thereon from April 23, 1937. Under the provisions of Rule 69, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the judgment plaintiff has caused notice to be served upon certain persons for the taking of their depositions in the manner provided by Rule 30 of the Federal Rules of Civil Procedure. These notices are directed to the following named persons: Joseph Wood, David Stinnette, Lindsey Lewis, Bernard Ross, Lee Robinson, Harold Jordan, Century Motor Co., Inc., a Corporation, William Wells, Ellsworth Johnson, Raymond Adams, William Brown, Lorenzer Lyons, Clarence Mills, Nelson Jackson, Carl Jordan, Herbert A. Jordan, Rosie and Wilbur Jordan. Each of these notices state that the deposition desired to be taken is the discovery of assets in aid of the judgment in the amount of $3,-000 obtained "by Samuel Burak against you." An order was obtained by the plaintiff, directed to these parties, commanding them to appear in the office of the attorney for the plaintiff, and, on a day stated, to testify and to produce "a complete list of all persons indebted to you; all bank pass books, and all books and records showing assets of every kind belonging to you or under your control." Thereupon, the respondents, Herbert A. Jordan, Joe Wood, Lorenzer Lyon, and David Stinnette, moved the Court to quash the order requiring said respondents to answer questions making disclosure of assets belonging to said respondents personally. It is upon this motion that the matter is now before the Court.

In a proper case Rule 69, Federal Rules of Civil Procedure, permits examination by the taking of depositions, as provided for in said rules, in aid of judgments or executions. This is a salutary advance in those jurisdictions which theretofore did not have the advantage of statutory supplementary proceedings. These rules do not, however, give to a judgment creditor any right to subject to the judgment the property of persons other than the judgment debtor, nor to require the disclosure of assets of persons other than the judgment debtor. The respondents are not named as parties defendant in the action in which the plaintiff recovered the judgment here sought to be enforced, and they cannot be required, by the Rules of Civil Procedure referred to, to make disclosure of their individual assets. The motion to quash is granted, and it is directed that the examinations by deposition described in the notices and order above referred to cease forthwith.