**CAISSON CORPORATION**

v.

**COUNTY WEST BUILDING CORPORATION.**

**Civ. A. No. 42054.**

United States District Court,
· E. D. Pennsylvania.

April 9, 1974.

---

Ralph G. Wellington, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for plaintiff.

Larry H. Slass, Techner, Rubin, Shapiro, Silverstein & Slass, Philadelphia, Pa., for defendant.

## MEMORANDUM

CLIFFORD SCOTT GREEN, District Judge.

The plaintiff and judgment creditor in this action, Caisson Corporation, moves the Court pursuant to Rule 37(a) of the F.R.Civ.P. for an order requiring Jack W. Blumenfeld to answer certain questions propounded to him during the course of his deposition.

The plaintiff, on May 26, 1970, obtained a judgment against defendant in the sum of $12,569.64, plus interest and costs. The judgment remains unsatisfied, because County West Building Corporation has no assests; plaintiff has undertaken discovery in aid of execution. Plaintiff has had discovery against the defendant and the present controversy involves the deposition of Jack W. Blumenfeld, sole stockholder of defendant, in an attempt to discover assets of defendant upon which plaintiff may levy in order to satisfy its judgment.

F.R.Civ.P. 69(a) provides in pertinent part that:

"In aid of the judgment or execution, the judgment creditor or his successor in interest when that interest appears of record, may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held."

At the deposition, Mr. Blumenfeld on advice of counsel refused to answer the following questions:

(1) Would you name those corporations (whose principal place of business is 1974 Sproul Road, Broomall)?

(2) Mr. Blumenfeld, how many corporations are you an officer or director in?

(3) What other corporations had their principal place of business at Copper Beach Club Apartments?

(4) Is Mr. Ferngold an officer in any corporations in which you are a major shareholder?

(5) Do you have (any) relationship with the general contractors other than having employed them to build at 15th and Locust Streets?

(6) What other buildings is Jack Blumenfeld & Company constructing presently?

(7) Does Jack Blumenfeld & Company own any land?

(8) Does Jack Blumenfeld & Company have a bank account?

The plaintiff requests the court to order Mr. Blumenfeld to answer the questions noted above and "other questions propounded to him that concern the interrelation of the assets, management and finances of County West Building Corporation with Jack W. Blumenfeld, Jack W. Blumenfeld and Co., and other business enterprises of Jack W. Blumenfeld." The deponent requests we order that he need not answer the specific questions objected to nor "any questions propounded to him that concern his ownership of, interest in, or employment by corporations other than defendant, or any corporation involved in the construction of the Berwyn Apartments."

Plaintiff points out that the scope of discovery under F.R.Civ.P. 26(b)(1) extends to any non-privileged matter which is relevant to the matter involved in the pending action even if not admissible in and of itself if reasonably calculated to lead to such evidence. However, the court has broad power under 26(c) to control discovery for good cause to protect a person from embarrassment, oppression, or harassment. Moreover, the limits of the concept of relevancy in connection with discovery in aid of execution of judgment, as here, must be somewhat different as a result of the fact that there is no longer an action pending which may be utilized by reference to its subject matter to assist in definition of the scope of discoverable matter.

Plaintiff asserts that its inquiry is promoted by the "intimate relationship" between the defendant corporation and the deponent. It claims that because of loans and commingling of assets generally between defendant corporation, the deponent, and other business entities with which the deponent is involved, it may be able to levy on such assets to satisfy its judgment against the defendant corporation. Further, plaintiff asserts that the defendant corporation may not even have had a separate legal existence distinct from the deponent so that deponent's assets may be subject to levy to satisfy its judgment.

Defendant states that there is no basis in fact for paintiff's assertion of entanglements and that it seeks to pierce the corporate veil prior to establishing its right to do so. To the extent that plaintiff seeks to determine the extent of commingling of assets, defendant suggests plaintiff need only ask what assets were commingled.

The factual background of this case as derived from the deposition of Mr. Blumenfeld is helpful in resolving the present controversy.

The controversy between plaintiff and defendant arose out of construction of the Berwyn Apartments. County West Building Corporation was the general contractor on the project and Caisson Corporation was a subcontractor. A dispute arose between these parties under their contract and judgment was rendered for Caisson Corporation as indicated above.

Jack Blumenfeld is the sole shareholder of County West and was, at one time, its president and, at present, is an officer although he is apparently not sure exactly of what type. Jack Blumenfeld owned and still does own the land on which the Berwyn Apartments were erected and owns the apartments themselves. Mr. Blumenfeld hired County West Corporation as the general contractor to build the apartments. County West Corporation employed Mr. Blumenfeld in a supervisory capacity and paid him a salary although there was no signed employment contract. Mr. Blumenfeld was involved in the planning of the Berwyn Apartments; was involved in negotiations with County West and Caisson Corporation in regard to their construction; and oversaw, in part, the construction of the Berwyn Apartments.

Mr. Blumenfeld selected the directors of County West, one of whom was Alan Feingold, who was identified by Mr. Blumenfeld as being familiar with the

County West accounting procedures. Mr. Blumenfeld signed checks for County West; and, at the deposition, reference was made to checks from County West both to Jack Blumenfeld, for substantial funds identified as probably for loans, and a check and transfer of funds to Oak Hill Homes, Incorporated which is a corporation which Mr. Blumenfeld is "essentially in charge of" for services rendered and possibly a loan.

 There is scant authority concerning the permissible scope of discovery against third persons under Rule 69. Under this Rule, discovery may be had of the judgment debtor or third persons without separate suit and, if discovery is pursued under the federal rules, as in this case, all the discovery devices of the Rules may be used as in the progress of the action. All agree that the judgment creditor must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor. Monticello Tobacco Co., Inc. v. American Tobacco Co., 12 F.R.D. 344 (S.D.N.Y.1952), aff'd on merits, 197 F. 2d 629 (2nd Cir. 1952), cert. denied, 344 U.S. 875, 73 S.Ct. 168, 97 L.Ed. 678 (1958); 7 Moore's Federal Practice § 69.05(1) (1974); 12 Wright and Miller, Federal Practice and Procedure § 3014 (1973). However, the judgment debtor and third persons can seek a protective order against abuse of the discovery process. Generally, it is said that the inquiry must be kept pertinent to the goal of discovering concealed assets of the judgment debtor and not be allowed to become a means of harassment of the debtor or third persons. Monticello Tobacco Co., Inc. v. American Tobacco Co., supra; 7 Moore's Federal Practice, supra; 12 Wright and Miller, Federal Practice and Procedure, supra. It has also been said that third persons can only be examined about assets of the judgment debtor and cannot be required to disclose their own assets. Burak v. Scott, 29 F.Supp. 775 (D.D.C.1939); 12 Wright and Miller, Federal Practice and Procedure, supra.

The *Monticello* and *Burak* cases are the principal cases under Rule 69 related to the present issue. In *Monticello,* the court ordered a judgment debtor's attorney to answer questions relating to his representation of the judgment debtor including who retained him for the representation of the judgment debtor, whether he had been or was to be paid, the source of payment although not the specific terms thereof, and generally questions concerning his knowledge of the judgment debtor's past financial condition and the source of payment to meet the debtor's various obligations. In *Burak,* plaintiff had obtained a judgment for damages against three individual members and officers of a taxicab association. For the purposes of discovery in aid of execution, plaintiff noticed a number of other individuals for depositions. Each notice stated that the deposition was for the discovery of assets in aid of the above judgment which was said to be against them. The plaintiff obtained an order directing these individuals to appear in the office of the attorney for the plaintiff and to produce there a complete list of all persons indebted to them, and all books and records showing a complete disclosure of all assets belonging to them or under their control. The court quashed the order and precluded the described examinations on the ground that third persons can only be examined about assets of the judgment debtor and cannot be required to disclose their own assets.

 We grant plaintiff's motion and reject deponent's contention that no questions are permissible as to the deponent's ownership of, interest in, or employment by corporations other than defendant, or any corporation involved in the construction of the Berwyn Apartments.[1]

---

1. The easiest objections to deal with here are to questions (1) and (3) respectively.

As to each of the places referred to therein, it had been established that County West

■■ There is no doubt that third parties can be examined in relation to the financial affairs of the judgment debtor. The appropriate manner to afford third parties protection is not to require that questions be phrased in a legalistically conclusory manner but rather to allow questions as to their personal activities, within limits, yet requiring some showing of the relationship that exists between the judgment debtor and the third party from which the court on a motion for a protective order can determine whether the examination has a basis. We think that this is the appropriate manner for balancing the potentially conflicting legitimate interests both of parties in satisfying judgments, in light of the difficulty of such task at times, and of third parties in protection from baseless harassment. *Cf.*, Capital Co. v. Fox, 85 F.2d 97 (2nd Cir. 1936). We think that, in fact, both the *Burak* and *Monticello* cases are consistent with this approach and specifically that *Burak* does not support the deponent's position in this case.

Consequently, treating the deposition of Mr. Blumenfeld as that of a third party, we shall permit the listed questions and the general scope of discovery requested. There is sufficient information set out above on the relationship between the judgment debtor and the deponent to convince the court that the deposition is not taken for the purpose of harassment. The manner of questioning proposed by the deponent would be self-defeating for the plaintiff and the questions asked, and thus far proposed, do not appear oppressive.

■■ More significantly, it is clear that in an attempt to discover assets by which to satisfy its judgment, plaintiff is entitled to a very thorough examination of the judgment debtor. The judgment debtor in this case is a corporation and the present deponent was and/or is an officer thereof who may be deposed in that capacity. Moreover, in examining such officer-deponent, the court believes that the judgment debtor, through the officer-deponent, can certainly be asked about the entities with whom the judgment debtor had and has financial relationships, and, in turn, the relationship of those entities with others especially if that relationship comes full circle in one way or another. In a sense, that is precisely the nature and scope of discovery sought in the present motion. The deponent is such an officer and a vigorous examination of the judgment debtor via such officer should not be precluded because this officer of the judgment debtor has a great deal of information about the entities with which the judgment debtor had and has relationships by reason of the fact that there is, in a limited sense, a common identity running through these organizations in the person of the same officer-deponent. The personal use of the corporate form of doing business is certainly completely lawful; nevertheless, we do not think that it can be used to preclude a vigorous examination of a judgment debtor. In view of this perspective of the present motion, the objections raised by deponent are inapposite. Moreover, we cannot say that the scope of discovery sought is oppressive.

Thus, we believe that the general scope of examination proposed by the plaintiff is proper under either approach outlined above, especially the latter. Neither the specific questions asked thus far nor the general scheme of examination proposed are improper on the grounds advanced nor are they oppressive on the present record.

---

Corporation had offices there and the questions simply ask what other corporations also had their offices there of which Mr. Blumenfeld is aware. Objection to these questions on the grounds asserted by the deponent is spurious and if he knew that any of the corporations that would be named were ones in which he was personally involved it would have been more consistent to object when asked about such personal involvement.