865 F.2d 186
 Laurel REESE, Appellant,
v.
Brian KENNEDY, Richard Bong, Carolyn Bong, The City of Sioux
Falls, and "John Does" who are unknown officers of
the City of Sioux Falls, Appellees.
 No. 88-5035.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 25, 1988.
Decided Jan. 12, 1989.
 
 Lee R. Burd, Sioux Falls, S.D., for appellant.
 Before McMILLIAN, JOHN R. GIBSON and MAGILL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Laurel Reese appeals from the district court[1] order dismissing without prejudice her complaint brought pursuant to 42 U.S.C. Sec. 1983. The issues raised are the adequacy of South Dakota's post-deprivation remedies and whether the complaint stated a substantive due process claim. We affirm.
 
 
 2
 The facts alleged in Reese's pleadings are as follows. Laurel Reese and Brian Kennedy lived together for two years. During that time, they acquired a house and two cars as well as other personal property. Reese and Kennedy had an agreement whereby she would purchase "groceries and items for the house" and Kennedy would make the mortgage payments. The deed for the residence was acquired in Kennedy's name only.
 
 
 3
 In early October 1986, Reese agreed to move out as soon as she was financially able. On October 15, 1986, Kennedy, who was out of state, called the Sioux Falls Police Department to ask that Reese be removed from his home. That evening, two unknown police officers consulted with Richard and Carolyn Bong, Kennedy's neighbors, and asked Reese and her children to leave. When Reese asked to see a court order, the officers threatened to put her in jail. Reese was not allowed to remove a car or other personal property she claimed she owned. When Reese returned to the residence to retrieve her belongings, the locks had been changed, the doors were barricaded, and the Bongs retained possession of the car. Reese made repeated attempts to retrieve her property but the appellees threatened her with criminal prosecution if she tried to enter the home, use the car, or remove her property.
 
 
 4
 On November 20, 1986, Reese filed this complaint pursuant to 42 U.S.C. Sec. 1983 against Kennedy, the Bongs, the unknown police officers, and the Sioux Falls Police Department, alleging that the forced eviction and denial of access to her personal property violated her due process rights. Reese also included pendent state tort claims. Reese later amended her complaint to name the City of Sioux Falls as a defendant in lieu of the Sioux Falls Police Department.
 
 
 5
 The district court concluded that Reese's amended complaint failed to state a section 1983 claim, and dismissed her complaint without prejudice to allow her to assert the state law claims in state court. This appeal followed.
 
 
 6
 Reese's primary argument on appeal is that the district court erred in finding that South Dakota's postdeprivation remedies provided her with adequate procedural due process under Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). In Parratt, the Supreme Court held that when a deprivation of property is caused by a random and unauthorized act of a state employee, "it is not only impracticable, but impossible, to provide a meaningful hearing before the deprivation."[2] Id. at 541, 101 S.Ct. at 1916. The Court concluded that when state law provides adequate postdeprivation remedies, they are sufficient to satisfy due process requirements, and relief under section 1983 is therefore not warranted. Id. at 543-44, 101 S.Ct. at 1916-17.
 
 
 7
 To the extent that Reese argues that appellees did not follow existing eviction procedures, Parratt provides that a due process deprivation does not occur because of an unauthorized failure of state officials to follow established state procedures. See 451 U.S. at 541, 101 S.Ct. at 1916; see also Birkenholz v. Sluyter, 857 F.2d 1214, 1217 (8th Cir.1988). Absent a due process challenge to the state procedures themselves, Reese has failed to state a procedural due process claim. Cf. Logan v. Zimmerman Brush Co., 455 U.S. 422, 436, 102 S.Ct. 1148, 1158, 71 L.Ed.2d 265 (1982) (Parratt not controlling because state procedures themselves operated to destroy section 1983 claimant's property interest). We further believe that the availability of state tort remedies precludes Reese's section 1983 claim and satisfies the requirements of procedural due process. See, e.g., Greco v. Guss, 775 F.2d 161, 169 (7th Cir.1985) (state postdeprivation remedies provided all process that was due); Wilson v. Beebe, 770 F.2d 578, 584 (6th Cir.1985) (no section 1983 claim where state tort law provided adequate post-deprivation remedy for arrestee accidentally shot by police officer).
 
 
 8
 Reese also argues that Parratt does not apply to this case under "the rule that intentional abuse of official power, which shocks the conscience or which infringes a specific constitutional guarantee * * *, implicates the substantive component of the due process clause regardless of the availability of state remedies." New v. City of Minneapolis, 792 F.2d 724, 725-26 (8th Cir.1986) (per curiam); see also Wilson v. City of North Little Rock, 801 F.2d 316, 321-22 (8th Cir.1986) (Parratt inapplicable where racially motivated deprivation of property implicates fourteenth amendment equal protection clause).
 
 
 9
 Reese has not alleged facts showing the infringement of any specific constitutional guarantee. She alleges instead that appellees' conduct in forcing her out of her home was an abuse of official power that "offends human dignity" and "shocks the conscience." What constitutes conduct that "shocks the conscience" is by necessity a subjective standard. The cases developing this standard, see, e.g., Rochin v. California, 342 U.S. 165, 172, 72 S.Ct. 205, 209, 96 L.Ed. 183 (1952) (forcible pumping of arrestee's stomach to retrieve illicit drugs); Shah v. County of Los Angeles, 797 F.2d 743, 746 (9th Cir.1986) (unjustified and unprovoked assault by prison guard on prisoner), lead us to conclude that the appellees' actions in this case do not rise to the level of a substantive due process violation. No physical force was used to evict Reese, and although the complaint alleged that appellees acted "oppressively" and "maliciously," Reese alleged no facts to support these conclusory allegations.
 
 
 10
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable John B. Jones, United States District Judge for the District of South Dakota
 
 
 [2]
 Davidson v. Cannon, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986), and Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986), limited section 1983 actions to intentional due process violations. Parratt was overruled to the extent that it implied negligent acts were cognizable under section 1983. Davidson, 474 U.S. at 347-48, 106 S.Ct. at 670; Daniels, 474 U.S. at 329-336, 106 S.Ct. at 664-667