# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-2945EM

_____

| | | |
|---|---|---|
| Credit Lyonnais, S.A. | * | |
| | * | |
| Appellant, | * | |
| | * | |
| | * | On Appeal from the United |
| v. | * | States District Court |
| | * | for the Eastern District |
| | * | of Missouri. |
| SGC International, Incorporated, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted:  September 22, 1998
Filed:  November 5, 1998

_____

Before RICHARD S. ARNOLD, WOLLMAN, and KELLY,[1] Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.


Credit Lyonnais, S.A., a French bank, appeals the District Court's denial of a motion to compel two depositions as part of post-judgment discovery. We believe that the District Court erred in denying Credit Lyonnais's motion to compel, and we therefore reverse the Court's decision.

_____

[1]Judge Kelly died on October 21, 1998. This opinion is consistent with the vote he cast at conference on this case.

Credit Lyonnais initially sought to recover $1,000,000 from SGC International, Inc., money that was sent by a mistaken wire transfer to SGC's Swiss bank account. When SGC refused to return the money, Credit Lyonnais filed suit against SGC for unjust enrichment, money had and received, and conversion. The District Court entered summary judgment in Credit Lyonnais's favor on the unjust-enrichment and money-had-and-received claims and dismissed the conversion claim.

Since the entry of summary judgment awarding Credit Lyonnais $1,411,581.61 on October 25, 1996, Credit Lyonnais has unsuccessfully sought to recover the money from SGC. Credit Lyonnais tried to engage in discovery of SGC's assets in order to execute the judgment, but SGC failed to respond to Credit Lyonnais's interrogatories and production requests. In a motion to compel filed on December 17, 1996, Credit Lyonnais then asked the District Court to order SGC to respond. The District Court entered the order on January 17, 1997, but the order failed to elicit a response from SGC.

Prior to, and at the time of, the entry of summary judgment, Franz Sedelmayer was SGC's president. He identified himself as SGC's chief executive officer as well as its sole director and owner. SGC had no other employees, officers, or shareholders, and Sedelmayer had sole responsibility for all of SGC's activities. On December 4, 1996, however, Sedelmayer claimed to have resigned as SGC's president. Although Sedelmayer may have resigned as SGC's president, Credit Lyonnais believes he is still SGC's secretary. Additionally, Sedelmayer was president at the time of the events leading up to Credit Lyonnais's summary-judgment award.

Credit Lyonnais then sought to depose both SGC and Sedelmayer, in his official capacity as corporate officer. Prior to serving the deposition notices, Credit Lyonnais had not sought to depose either SGC or Sedelmayer following the October 25, 1996, judgment award. Credit Lyonnais had only attempted to engage in discovery of SGC's assets only through interrogatories and production requests. The deposition notice to

Sedelmayer indicated that Credit Lyonnais wanted information about Sedelmayer's assets and asset transfers. Credit Lyonnais also sought documents related to Sedelmayer's personal assets. SGC and Sedelmayer failed to appear for the depositions. Credit Lyonnais then filed the motion to compel upon which this appeal is based.[2]

We review the District Court's application of discovery rules under an abuse-of-discretion standard. See National Service Industries, Inc. v. Vafla Corp., 694 F.2d 246, 250 (11th Cir. 1982); Brown v. Arlen Management Corp., 663 F.2d 575, 580 (5th Cir. 1981). We believe that the District Court abused its discretion in denying Credit Lyonnais's motion to compel in its entirety.

The rules for depositions and discovery "are to be accorded a broad and liberal treatment." Hickman v. Taylor, 329 U.S. 495, 507 (1947). The right to conduct discovery applies both before and after judgment. See United States v. McWhirter, 376 F.2d 102, 106 (5th Cir. 1967). Rule 69(a) of the Federal Rules of Civil Procedure specifically provides the right to post-judgment discovery "[i]n aid of the judgment." The rule further provides that the judgment creditor "may obtain discovery from any person . . . in the manner provided in these rules or . . . by the practice of the state in which the district court is held." Id. Missouri's Rules of Civil Procedure allow post-judgment discovery of "matters . . . relevant to the discovery of assets or income subject to . . . the satisfaction of judgments." Mo. R. Civ. P. 76.28. Additionally, the rule governing depositions provides a broad right. Fed. R. Civ. P. 30. A party may

---

[2]Credit Lyonnais also filed a motion to hold SGC and Sedelmayer in contempt. The District Court granted the motion as to SGC and denied it as to Sedelmayer. During oral argument Credit Lyonnais did not raise the contempt issue and indicated that it now seeks only the opportunity to depose SGC and Sedelmayer. This opinion therefore addresses only the motion to compel. SGC did not trouble itself to file a brief or appear at oral argument.

depose almost anyone, including corporations, who may provide relevant information.

Under these rules, Credit Lyonnais has a right to conduct reasonable post-judgment discovery and to inquire into SGC's assets. Credit Lyonnais "is entitled to a very thorough examination of the judgment debtor." Caisson Corp. v. County West Building Corp., 62 F.R.D. 331, 335 (E.D. Pa. 1974). The District Court recognized this right when it granted the January 17, 1997, order to SGC to respond to Credit Lyonnais's written discovery requests. SGC, however, failed to respond. Credit Lyonnais then sought to depose both SGC and Sedelmayer, in his capacity as corporate officer. Credit Lyonnais presented evidence depicting the close relationship between Sedelmayer and SGC. This evidence suggests that the inquiry into SGC's assets requires deposing both Sedelmayer and SGC.

The law allows judgment creditors to conduct full post-judgment discovery to aid in executing judgment. See White v. General Motors Corp., 1990 WL 47437 at * 1 (D. Kan. 1990) (citing Caisson, 62 F.R.D. at 335). The District Court, however, denied all of Credit Lyonnais's motion to compel the depositions. The Court based its denial on the scope of the subject matter identified in the deposition notices. Some of the subjects identified in the deposition notice relate to Sedelmayer's personal finances and assets. Credit Lyonnais also seeks information related to transfers of assets between Sedelmayer and SGC.

Credit Lyonnais wants to examine the relationship between Sedelmayer and SGC. As SGC's sole officer, director, shareholder, and decision-maker, Sedelmayer is closely linked to SGC. Additionally, both SGC's and Sedelmayer's failure to comply with the District Court's earlier discovery order, as well as the failure to pay the judgment, lend support to Credit Lyonnais's motion to compel. The relationship between Sedelmayer and SGC "is sufficient to raise a reasonable doubt about the bona fides of [any] transfer of assets between them." Magnaleasing, Inc.v. Staten Island

Mall, 76 F.R.D. 559, 562 (S.D.N.Y. 1977) (citing Caisson, 62 F.R.D. at 335). Credit Lyonnais believes it should be allowed to inquire into the relationship between Sedelmayer and SGC. We agree.

Although Sedelmayer may no longer be the president of SGC, the circumstances of his resignation, and his role at SGC after his resignation, remain unclear. Sedelmayer cannot use his resignation as a complete excuse to avoid the deposition. Credit Lyonnais has good reason to want to know about the relationship between SGC and Sedelmayer in order to execute its judgment against SGC. Inquiring into the circumstances of Sedelmayer's resignation will help shed light on the relationship.

The District Court does have discretion to limit the scope of discovery. See Admiral Theatre Corp. v. Douglas Theatre Co., 585 F.2d 877, 898 (8th Cir. 1978). The Court denied the motion to compel because it found the scope of the subjects identified in the deposition notices objectionable. We see no indication that any of the subjects included fall outside the scope of what the law allows. The District Court can, however, limit the scope of the material about which Credit Lyonnais may depose SGC and Sedelmayer, if it has a good reason to do so. We leave this sort of fine tuning to the District Court on remand, but we stress that the presumption should be in favor of full discovery of any matters arguably related to Credit Lyonnais's efforts to trace SGC assets and otherwise to enforce its judgment. Matters relating to Sedelmayer's personal finances seem to us -- subject to such further reasonable inquiry as the District Court may think proper -- to be proper subjects of discovery.

Reversed and remanded with instructions.

A true copy.

   Attest:

      CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.