# UNITED STATES COURT OF APPEALS

## FOR THE EIGHTH CIRCUIT

No. 98-1810EMSL

| | | |
|---|---|---|
| Kendrick Lee Harris, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| St. Louis Police Department; City | * | Eastern District of Missouri |
| of St. Louis, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| Officer Mack, #976 | * | |
| | * | |
| Officer Finan Kelly, #8657; Area | * | |
| II Command; Officer Rice, #2204, | * | |
| | * | |
| Defendants. | * | |

On the court's own motion, the opinion of December 7, 1998, is vacated. The clerk is directed to issue the attached corrected opinion.

The court's judgment of December 7, 1998, remains in effect, and the period for filing a motion for rehearing or rehearing en banc will run from December 7, 1998.

December 22, 1998

Order Entered at the Direction of the Court:

Clerk, U.S. Court of Appeals, Eighth Circuit

# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-1810

_____

Kendrick Lee Harris,                          *

                                               *

          Appellant,                           *

                                               *

     v.                                        *

                                               *

St. Louis Police Department; City of           *

St. Louis,                                     *   Appeal from the United States

                                               *   District Court for the

          Defendants,                          *   Eastern District of Missouri

                                               *

Officer Mack, #976,                            *        [TO BE PUBLISHED]

                                               *

          Appellee,                            *

                                               *

Officer Finan Kelly, #8657; Area II            *

Command; Officer Rice, #2204,                  *

                                               *

          Defendants.                          *

_____

Submitted:   September 8,  1998


Filed:   December 22, 1998

_____


Before   McMILLIAN,   RICHARD   S.   ARNOLD,   and   MORRIS   SHEPPARD
ARNOLD, Circuit Judges.

_____


PER CURIAM.

Kendrick Lee Harris appeals from the final judgment entered in the District Court for the Eastern District of Missouri dismissing his 42 U.S.C. § 1983 action with prejudice. For reversal, Harris argues that the district court erred in (1) denying his motion for a default judgment against defendant Derrick Mack, and (2) granting Mack's Fed. R. Civ. P. 12(b)(6) motion to dismiss Harris's complaint. For the reasons discussed below, we affirm in part and reverse and remand in part.

Harris alleged the following against Mack. After two detectives from the St. Louis, Missouri police department stopped Harris while he was walking down a street with a beer in his hand, defendant Mack, who had been called as a back-up police officer, threatened to mace, shoot, or beat Harris if he did not confess to a felony, and failed to read Harris his Miranda[1] rights. Mack later threatened to plant evidence on Harris, "brushed up against" Harris, "used physical force," and cut up Harris's bus pass after pulling his knife on Harris. Harris contended that he "felt his life was in danger" when Mack threatened him with "lethal deadly weapons," namely, mace, a gun, and a knife.

We review for abuse of discretion the district court's denial of Harris's motion for a default judgment. See Swink v. City of Pagedale, 810 F.2d 791, 792 (8th Cir.) (standard of review), cert. denied, 483 U.S. 1025 (1987). We cannot say that the district court abused its discretion here, because Mack filed an answer to Harris's complaint after obtaining leave of court to file the answer out of time. Cf. Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 857 (8th Cir. 1996) (district court may grant default judgment against party who willfully, contumaciously, or intentionally fails to defend).

After de novo review of the district court's Rule 12(b)(6) dismissal, see Springdale Educ. Ass'n v. Springdale Sch. Dist., 133 F.3d 649, 651 (8th Cir. 1998)

---

[1]Miranda v. Arizona, 384 U.S. 436 (1966).

-4-

(standard of review), we agree with the district court that Harris cannot assert a § 1983 claim based on the destruction of his bus pass, because Harris has an adequate postdeprivation remedy in state court for conversion. See Reese v. Kennedy, 865 F.2d 186, 187 (8th Cir. 1989) (per curiam) (state tort remedies preclude § 1983 claim for deprivation of property); Maples v. United Sav. & Loan Ass'n, 686 S.W.2d 525, 527 (Mo. Ct. App. 1985) (defining conversion as "unauthorized assumption of the right of ownership over the personal property of another to the exclusion of the owner's rights"). We also agree that Mack's failure to read Harris his constitutional rights is not actionable because Harris did not allege that he was tried for a crime pursuant to his arrest. See Davis v. City of Charleston, 827 F.2d 317, 322 (8th Cir. 1987) (if statements obtained during custodial interrogation are not used against party during criminal trial, party's constitutional rights are not violated).

We conclude, however, that Harris's allegations concerning Mack's threats to use weapons against Harris and Mack's use of physical force were sufficient to withstand Mack's motion to dismiss. See Fed. R. Civ. P. 8(a)(2) (federal pleading rules require only short and plain statement of claim showing pleader is entitled to relief); Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993) (under federal rules, there are no heightened pleading standards for § 1983 claims); see also Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam) (pro se complaints should be construed liberally). In particular, we believe the facts pleaded were sufficient to call into question whether Mack's conduct during his arrest and search of Harris was objectively reasonable under the circumstances. See Graham v. Connor, 490 U.S. 386, 394-95 (1989) (excessive force claims arising from arrests are appropriately analyzed under Fourth Amendment's reasonableness standard); Mayard v. Hopwood, 105 F.3d 1226, 1228 (8th Cir. 1997) (explaining reasonableness standard as whether police officer's conduct was objectively reasonable under circumstances; concluding slapping and punching restrained arrestee was actionable).

Accordingly, we affirm both the district court's refusal to enter a default judgment against Mack, and the court's dismissal of Harris's § 1983 claims concerning his bus pass and Mack's failure to read Harris his <u>Miranda</u> rights. We reverse the court's dismissal of Harris's § 1983 claim that Mack threatened him with various weapons and used physical force against him, and we remand this matter for proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.