# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2959

_____

| | | |
|---|---|---|
| Andrew L. Williams, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Arkansas. |
| | * | |
| Arkansas Department of Correction, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: February 18, 2000
Filed: February 28, 2000

_____

Before RICHARD S. ARNOLD, BOWMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

Andrew Williams appeals the judgment the District Court[1] entered upon a jury verdict in favor of the Arkansas Department of Correction (ADC) in his employment discrimination case. After reviewing the record, we conclude the District Court did not abuse its discretion in denying Williams's motion for default judgment because the original defendants had filed a motion to dismiss and their answer was not yet due. See Fed. R. Civ. P. 12(a)(4)(A); Harris v. St. Louis Police Dep't, 164 F.3d 1085, 1086 (8th

_____

[1]The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

Cir. 1998) (per curiam) (standard of review). Nor did the District Court abuse its discretion by finding the ADC had not "failed to respond" to a discovery request, and thus denying Williams's motion for summary judgment; or by later ruling that the ADC had complied with an order granting Williams's motion to compel discovery. See Credit Lyonnais, S.A. v. SGC Int'l, Inc., 160 F.3d 428, 430 (8th Cir. 1998) (appeals court reviews district court's application of discovery rules for abuse of discretion). Finally, we see no abuse of discretion in the District Court's denial of appointed counsel's motion to withdraw, which Williams had opposed; or in the denial of Williams's motion to act as co-counsel, cf. United States v. Einfeldt, 138 F.3d 373, 378 (8th Cir.) (district court has discretion to provide standby counsel for criminal defendant), cert. denied, 525 U.S. 851 (1998); United States v. Brown, No. 95-1616, 1995 WL 732803, at *3 (8th Cir. Dec. 12, 1995) (unpublished per curiam) (criminal defendant does not have constitutional right to act as co-counsel), cert. denied, 517 U.S. 1174 (1996).

Accordingly, we affirm the judgment of the District Court. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.