# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1091

_____

John E. Searcy, Jr.,             *
                                *

       Appellant,         *

                                *   Appeal from the United States

    v.                   *   District Court for the

                                *   Western District of Arkansas.

J. Roberts, Individually and in his   *

official capacity as an officer of the  *    [UNPUBLISHED]

Arkansas State Police; M. Young,    *

Individually and in his official capacity *

as an officer of the Arkansas State   *

Police; George Sutterfield, Individually *

and in his official capacity as Sheriff of *

Searcy County, Arkansas; Searcy    *

County, AR,                   *

                                *

       Appellees.        *

_____

Submitted: July 2, 2003
Filed: August 28, 2003

_____

Before BOWMAN, MELLOY, and SMITH, Circuit Judges.

_____

PER CURIAM.

John E. Searcy, Jr., appeals the District Court's adverse grant of summary judgment in his civil rights action against Arkansas State Police Officers J. Roberts and M. Young and Searcy County Sheriff George Sutterfield arising from two traffic

stops. Having conducted a de novo review of the record, see Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997), we affirm the dismissal of all of Searcy's claims except his unlawful-stop claims against Officers Roberts and Young, which we reverse and remand.

First, we reject Searcy's challenge to the denial of his motion for a default judgment. See Harris v. St. Louis Police Dep't, 164 F.3d 1085, 1086 (8th Cir. 1998) (per curiam) (concluding district court did not abuse its discretion in denying motion for default judgment where defendant filed late answer after obtaining time extension from court to do so); Oberstar v. FDIC, 987 F.2d 494, 504 (8th Cir. 1993) (noting strong judicial policy against default judgments and judicial preference for adjudication on merits). We also reject his discovery-related challenges because (1) he did not move for a continuance, see Fed. R. Civ. P. 56(f); (2) he has not identified what discovery he needed or what it might have revealed, see Dulany, 132 F.3d at 1238; (3) he did not move to compel discovery prior to seeking sanctions against Officers Roberts and Young, see Fed. R. Civ. P. 37; and (4) he did not inform the District Court as to what action he sought concerning Sheriff Sutterfield's alleged failure to cooperate in formulating a Federal Rule of Civil Procedure 26(f) discovery plan.

Moving on to the merits, Sheriff Sutterfield was properly dismissed because there was no evidence before the District Court of his personal involvement in, or facilitation or approval of, any unconstitutional conduct. See Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (outlining standard for supervisory liability under 42 U.S.C. § 1983).

As to Searcy's claims that the two stops by Officers Roberts and Young were not supported by probable cause, according to Searcy's verified allegations and his son's attestations (which was the only evidence before the District Court as to the basis for the stops), Roberts stated that he pulled Searcy over the first time for

weaving all over the road, but Searcy was not weaving. The record also indicates that Searcy was convicted for careless/prohibited driving, no proof of insurance, failure to pay registration, and no driver's license, but the state without explanation dropped the careless-driving charge during Searcy's appeal of the convictions. According to Searcy and his son, when Officer Young stopped Searcy the second time, Officer Young told Searcy that he believed Searcy was trying to avoid him by pulling off and re-entering the road after he had passed; he then told Searcy his vehicle was unsafe. The record shows, however, that the State did not pursue the unsafe-vehicle violation (Searcy pleaded guilty to having no driver's license, liability insurance, or vehicle tags). Thus, we conclude that genuine issues of material fact exist as to whether Officers Roberts and Young had probable cause to believe a traffic violation occurred, cf. United States v. Long, 320 F.3d 795, 798 (8th Cir. 2003) (explaining that any traffic stop is constitutional under Fourth Amendment as long as officer had probable cause to believe traffic violation occurred), or reasonable suspicion that Searcy was otherwise engaged in criminal activity, see United States v. Owens, 101 F.3d 559, 561 (8th Cir. 1996) (stating that a police officer may stop an automobile if he has reasonable suspicion that its occupant is subject to seizure for violation of law), cert. denied, 520 U.S. 1220 (1997).[1] But we agree with the District Court that Searcy failed to create any triable issues regarding his remaining claims against Officers Roberts and Young.

Accordingly, we reverse and remand for further proceedings consistent with this opinion.

---

[1]We note that the claims are not barred by Heck v. Humphrey, 512 U.S. 477 (1994), because success on such claims would not necessarily imply the invalidity of Searcy's convictions for the other offenses. See id. at 487 n.7.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.