# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3162

_____

Michael Dean Moore,           *
                                         *

            Appellant,         *

                                         *   Appeal from the United States
     v.                             *   District Court for the
                                         *   Western District of Arkansas.

American Standard, Inc., doing   *
business as The Trane Company,   *    [UNPUBLISHED]
                                         *

            Appellee.          *

_____

Submitted: March 1, 2006
Filed: March 3, 2006

_____

Before MELLOY, FAGG, and BENTON, Circuit Judges.

_____

PER CURIAM.

Michael Moore appeals from the district court's[1] denial of his motion for default judgment, and the court's subsequent adverse grant of summary judgment, in his Title VII suit claiming race discrimination. We affirm.

Although defendant's answer was not timely filed, the district court did not abuse its discretion in denying Moore's motion for default judgment. See Harris v.

_____

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

St. Louis Police Dep't, 164 F.3d 1085, 1086 (8th Cir. 1998) (per curiam) (standard of review); Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 857 (8th Cir. 1996) (default judgment for failure to defend under Fed. R. Civ. P. 55 is appropriate if conduct is "willful, contumacious or intentional").  As to the adverse grant of summary judgment, upon careful de novo review, see Evers v. Alliant Techsystems, Inc., 241 F.3d 948, 953 (8th Cir. 2001), we conclude Moore did not present evidence demonstrating that defendant's nondiscriminatory reason for failing to promote him--that Moore lacked the necessary supervisory experience, while the successful applicant had such experience--was pretextual.  See Pope v. ESA, Inc., 406 F.3d 1001, 1006 (8th Cir. 2005) (burden-shifting framework); Henthorn v. Capitol Commc'ns, Inc., 359 F.3d 1021, 1026 (8th Cir. 2004) (mere allegations not supported with specific facts are insufficient to establish material issue of fact and will not withstand summary judgment motion); Hutson v. McDonnell Douglas Corp., 63 F.3d 771, 781 (8th Cir. 1995) (employment discrimination laws have not vested in federal courts authority to review wisdom or fairness of business judgments made by employers, except to extent those judgments involve intentional discrimination).

We also grant defendant's motion to strike the evidentiary material submitted for the first time on appeal.  See Griffin v. Super Valu, 218 F.3d 869, 871 (8th Cir. 2000) (this court will not consider as part of summary judgment record documents not offered to district court).

Accordingly, we affirm.  See 8th Cir. R. 47B.

_____