**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1059
_____

THERMUTHIS LEE,
                                        Appellant

v.

LEONARD PETROLICHIO; ANDREW KENIS; JEANETTE TOMLIN; KHALIL
SMITH; MICHAEL GARMISA; PHILADELPHIA HOUSING AUTHORITY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-16-cv-05631)
District Judge: Honorable Legrome D. Davis
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 13, 2017

Before:  AMBRO, KRAUSE and NYGAARD, Circuit Judges

(Opinion filed: September 21, 2017 )
_____

OPINION[*]
_____

PER CURIAM

        Thermuthis Lee appeals pro se from the District Court's order dismissing her civil-

rights complaint as time-barred and for failure to state a claim.  We will affirm.

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

I.

In 2016, Lee filed a 36-count amended complaint in the Philadelphia Court of Common Pleas against Philadelphia Housing Authority (PHA) Manager Leonard Petrolichio, PHA Attorney Andrew Kenis, and Jeanette Tomlin and Khalil Smith—Lee's neighbors—claiming that Petrolichio "forced [her] out of public housing" in late 2009 after she had "endur[ed] years of malicious stalking and harassment" by Tomlin and Smith. The gist of her complaint is that Petrolichio and the PHA failed to evict these "nuisance" tenants, and also "interfered" in private criminal complaints she had filed against Tomlin and Smith, resulting in their acquittals on charges of harassment.[1]

About two months after initiating this action, Lee sought permission from the state court to add the PHA as a Defendant, and, while that motion was pending, the Defendants removed the action to federal court on the basis of federal-question jurisdiction.[2] Shortly thereafter, the Defendants filed motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).[3] By order entered on December 29, 2016, the District Court granted these motions, concluding that Lee's claims were time-barred, and that even if they were not, she had failed to allege state action necessary to support a § 1983 claim. The Court dismissed her complaint with prejudice, noting that she had already amended her

---

[1] Lee filed private criminal complaints against Tomlin (at MC-51-CR-9000036-2011) and Smith (at MC-51-CR-9000341-2010) in Philadelphia Municipal Court, and both were found not guilty of harassment following a July 2011 bench trial. Lee's claim that Petrolichio "interfered" in the criminal cases appears to be based on his failure to testify that Smith or Tomlin (or both) had previously harassed her.

[2] At count 36, Lee alleged violation of 42 U.S.C. § 1983, the basis asserted by Defendants for federal-question jurisdiction.

[3] The PHA Defendants (Petrolichio, Kenis, and the PHA) filed a joint motion, as did Tomlin and Smith.

complaint once in state court, and that "further amendments regarding the alleged conduct would be futile in light of the applicable statute of limitations." This timely appeal ensued.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal under Rule 12(b)(6), W. Penn Allegheny Health Sys., Inc. v. UPMC, 627 F.3d 85, 97 (3d Cir. 2010), and ask whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

On appeal, Lee argues that the allegations in her complaint fell within Pennsylvania's two-year statute of limitations for § 1983 claims, citing "numerous PHA lease termination violations as early as December 31, 2014[,] [that she] has specifically and consistently averred to[.]" We need not resolve the statute-of-limitations question because the District Court properly determined that she had not stated a plausible claim to relief.

As Lee clarifies on appeal, she predicates her § 1983 claim on the failure of Petrolichio and the PHA to act on her complaints and evict nuisance tenants, allegedly in violation of PHA procedures.[4] In other words, she apparently asserts some sort of due-

---

[4] She claims on appeal: "Leonard Petrolichio and the PHA [] continued to cause and inflict mental, physical and emotional distress upon the appellant by failing to substantiate the complaints by the appellant which would have resulted in the immediate termination and removal of both nuisances from out of the community of the appellant."

process claim. But she has not plausibly done so based on the facts in her complaint. See Reese v. Kennedy, 865 F.2d 186, 187 (8th Cir. 1989) (affirming district court's dismissal of complaint alleging that state officials "did not follow existing eviction procedures," and recognizing that "a due process deprivation does not occur because of an unauthorized failure of state officials to follow established state procedures").[5]

And because her § 1983 claim was the sole basis for federal jurisdiction, the District Court properly declined jurisdiction over her pendent state-law claims. See 28 U.S.C. § 1367(c)(3). Accordingly, we will affirm the judgment of the District Court.[6] We also deny Lee's motions to expand the record with videotapes and other documents which, according to Lee, substantiate her allegations of harassment. Lee has not stated a plausible constitutional claim, and thus this material is unnecessary to our disposition. To the extent that Lee requests any other forms of relief in her filings, those requests are likewise denied.

---

[5] We also note that Tomlin and Smith (as non-state actors) are not proper Defendants in a § 1983 action. Nor is the PHA—Lee did not allege an "official policy or custom." McGovern v. City of Philadelphia, 554 F.3d 114, 121 (3d Cir. 2009).

[6] Lee does not argue that the District Court erred by failing to provide her an opportunity to further amend her complaint. Indeed, she has indicated an intent to stand on her complaint by arguing on appeal that her original allegations were sufficient to state a claim. See Frederico v. Home Depot, 507 F.3d 188, 192 (3d Cir. 2007).